UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Andrew CONNER,
Defendant–Appellant.

No. 91–7090.

United States Court of Appeals,
Tenth Circuit.

Aug. 13, 1992.

Craig Bryant, Asst. Public Defender, Tulsa, Okl., for defendant-appellant.

John Raley, U.S. Atty., and Joseph F. Wilson, Asst. U.S. Atty., Muskogee, Okl., for plaintiff-appellee.

Before ANDERSON and BRORBY, Circuit Judges, and CAMPOS *, District Judge.

CAMPOS, District Judge.

This appeal addresses whether there was sufficient evidence before a jury to convict Appellant of having knowingly used or carried firearms during and in relation to a drug trafficking offense, specifically, possession with the intent to distribute methamphetamine, in violation of 18 U.S.C. § 924(c)(1).

■ In considering a challenge to a conviction on the basis of sufficiency of the evidence, the appellate court must determine whether the evidence, viewed in the light most favorable to the government, was sufficient to enable a jury to find the defendant guilty beyond a reasonable doubt. *United States v. Wright*, 826 F.2d 938, 946 (10th Cir.1987).

Appellant Richard Andrew Conner was a defendant named in an indictment filed on

* The Honorable Santiago E. Campos, United States District Judge for the District of New Mexico, sitting by designation.

January 8, 1991. Also named were Donna S. Conner, Kyle Edmond Franks, Timothy E. Neese, and Dave Beck. In Count I, Appellant was charged with participating in a drug conspiracy, in Count IV with distribution of methamphetamine, in Count X with possession of a firearm after a felony conviction, in Count XI with possession of a firearm during commission of a drug trafficking crime, and in Count XII with possession of an unregistered firearm.

With codefendant Neese, Appellant had a jury trial on May 16–17, 1991. Appellant was found guilty of each of the above-mentioned counts and sentenced to terms of thirty months imprisonment each on Counts I, IV, X, and XII, to run concurrently. He was sentenced to 60 months imprisonment for Count XI, to run consecutive to the other prison terms.

The principal government witness at trial was Oklahoma narcotics agent Alan Marston. In August 1990, Agent Marston was undercover in the Antlers, Oklahoma area attempting to buy drugs. The target of the investigation was Kyle Franks. Agent Marston made a series of methamphetamine purchases in August and September 1990 with the help of a paid informant named Thomas Blackstock.

The facts specifically implicating Appellant began on September 7, 1991 when Agent Marston went to a garage in Antlers operated by Kyle Franks. Agent Marston had been to the garage on August 31, 1991, leading to a visit to Kyle Franks' residence and the negotiation and the purchase of $200 of methamphetamine. On September 7, 1991 Agent Marston met the Appellant at Kyle Franks' Garage. Agent Marston asked Appellant about purchasing $25 of methamphetamine. Appellant responded that Agent Marston should come to Appellant's house that evening. That night, at Appellant's home, he retrieved a bag of methamphetamine from behind a photograph on top of the television and gave it to Agent Marston. A gun rack holding a small bore rifle hung directly above the location of the drug. Appellant stated that he was paid weekly by Kyle Franks in the form of methamphetamine and cut the drugs for resale to pay bills.

On September 14, Agent Marston and Mr. Blackstock returned to Appellant's home to attempt to purchase drugs. Appellant told the men that he had none, but repeated that he was paid weekly in methamphetamine. Agent Marston testified at trial that he was looking at some photos in Appellant's living room and when he turned around, Appellant was pointing a sawed-off shotgun in Agent Marston's direction. Appellant then laughed and pointed the gun at the ceiling, remarking that the gun was "his baby" and he had done a lot of work on it.

Following these events, as well as numerous other drug purchases not relevant to this appeal, search warrants were obtained. Two .22 caliber rifles were found in the gun rack in Appellant's home. The sawed-off shotgun was found in the bedroom. No drugs were found.

Pursuant to 18 U.S.C. § 924(c), "whoever, during or in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for 5 years...."

The relevant drug trafficking crime for conviction under 18 U.S.C. § 924(c) was a conspiracy with the purpose of possession with the intent to distribute, and distribution of, methamphetamine. The evidence of Appellant's participation in the conspiracy was significant; Appellant does not appeal his conviction of Count I charging conspiracy. Although Appellant sold drugs to Agent Marston only one time, Appellant told Agent Marston twice that he was being paid in methamphetamine by Kyle Franks and was cutting and selling the drug in order to pay his bills.

■ A defendant uses a firearm for the purposes of 18 U.S.C. § 924(c)(1) when the firearm (1) is readily accessible, (2) is an integral part of the criminal undertaking, and (3) increases the likelihood of success for that undertaking. *United States v. McKinnell*, 888 F.2d 669, 675 (10th Cir.

1989); *United States v. Matthews*, 942 F.2d 779, 783 (10th Cir.1991).

Appellant clearly had ready access to the firearm. On September 7, 1990, when Marston went to Appellant's home and purchased methamphetamine, a gun was in plain view. During the second visit, Appellant made a point of holding and showing off a favorite firearm. When a search warrant was executed on September 21, 1990, officers found two rifles in plain view.

■ There was also sufficient evidence for the jury to find that a firearm was an integral part of the drug trafficking offense. Mere access to a firearm is insufficient to sustain a conviction under 18 U.S.C. § 924(c)(1). *United States v. Sullivan*, 919 F.2d 1403, 1432 (10th Cir.1990). Rather, the evidence must prove that the defendant intended the weapon to be available for use during the drug transaction. *United States v. Matthews*, 942 F.2d at 783, *citing, United States v. Feliz–Cordero*, 859 F.2d 250, 254 (2nd Cir.1988). In *United States v. Feliz–Cordero*, the court wrote that to satisfy the "use" requirement of § 924(c)(1), the government must prove one of the following:

i) Proof of a transaction in which the circumstances surrounding the presence of a firearm suggest that the possessor of the firearm intended to have it available for possible use during the transaction; or

ii) The circumstances surrounding the presence of a firearm in a place where drug transactions take place suggest that it was strategically located so as to be quickly and easily available for use during such transaction.

*Id.* at 254.

■ The location of the methamphetamine directly below the firearm on September 7, 1990 was a strategic location such as discussed above and constitutes evidence sufficient for a jury to find that the Appellant intended the weapon to be readily available for use during the drug transaction.

In addition, the jury could have found that the pointing of the sawed-off shotgun at Agent Marston proved that firearms were an integral part of the conspiracy. The guns provided Appellant a means of protection; furthermore, the brandishing of a weapon could be construed as an attempt to intimidate Agent Marston.

Finally, the jury could have found that the presence of weapons in Appellant's home increased the likelihood that Appellant's criminal undertaking would succeed. Appellant was an admitted methamphetamine dealer and the existence of guns in plain view in his home, as well as Appellant's pointing of a shotgun at Agent Marston, suggest an attempt to intimidate drug purchasers, thereby helping to protect Appellant and to assure that his illegal activities would succeed.

Accordingly, we AFFIRM the judgment below.