**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Leroy COSLET, Defendant-**
**Appellant.**

**No. 92-3133.**

United States Court of Appeals,
Tenth Circuit.

March 3, 1993.

Patrick Beeman, Gladstone, MO, and Roy W. Brown, Kearney, MO, for defendant-appellant.

Lee Thompson, U.S. Atty., and Gregory G. Hough, Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

Before BRORBY and KELLY, Circuit Judges, and BRIMMER, District Judge.[†]

PAUL KELLY, Jr., Circuit Judge.

Defendant-appellant Charles Leroy Coslet appeals his conviction on one count each of possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), and use of a firearm in connection with a drug trafficking crime, 18 U.S.C. § 924(c)(1). Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## BACKGROUND

Aerial surveillance by the Kansas Bureau of Investigation on August 29, 1991 indicated a hillside marijuana cultivation operation. After further investigation, a warrant was obtained to search the suspected marijuana field. On September 4, the KBI searched the land, where agents discovered an elaborate and sophisticated operation, with running water, irrigation, fertilizing chemicals and tools, insecticide, camouflage from airborne surveillance, a makeshift shower, and a camp in which one maintaining the field could remain for extended periods of time.

While the search was in progress, Mr. Coslet drove onto the land and occupied the

---

[†] The Honorable Clarence A. Brimmer, Jr., United States District Judge for the District of Wyoming, sitting by designation.

camp. Unaware of the presence of law enforcement officers, he inspected some of the marijuana plants, carried pruning equipment, and gave every indication of being familiar with the camp and its crop. After arresting Mr. Coslet, agents found fertilizer, a small amount of marijuana, and a knife on Mr. Coslet's person and in his car. A loaded shotgun was found, in its case, in Mr. Coslet's car. Although the land was owned by a Richard Gross, Mr. Coslet admitted having the same Kansas City address as Mr. Gross.

Mr. Coslet claimed that he was on the property hoping to observe a deer, and was unaware of the marijuana cultivation operation until discovering the plants as he walked along the property that morning. A jury convicted Mr. Coslet of possession with intent to distribute marijuana and the weapons charge. The court sentenced Mr. Coslet to 63 months for the marijuana charge under 21 U.S.C. § 841(b)(1)(B)(vii), which mandates a five year minimum mandatory sentence for drug trafficking offenses involving more than 100 marijuana plants, and 60 months on the gun charge. *See* U.S.S.G. §§ 2D1.1(c)(9), 2K2.4(a). Mr. Coslet appeals on the following grounds: (1) sufficiency of the evidence; (2) failure to identify at least 100 plants as marijuana plants, and (3) failure to submit appropriate jury instructions.

### I. Sufficiency of the Evidence

■ In evaluating a sufficiency claim, we view all the evidence in the light most favorable to the government, and determine whether any reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. Richard,* 969 F.2d 849, 856 (10th Cir.1992). A jury may base a conviction of possession with intent to distribute controlled substances under 21 U.S.C. § 841(a)(1) upon a finding of constructive possession, and may infer intent to distribute from the quantity of drugs seized. *United States v. Hager,* 969 F.2d 883, 888 (10th Cir.1992). Constructive possession may be found if a person knowingly has ownership, dominion *or* control over the narcotics and the premises where the narcotics are found. *Id.*

■ We have little difficulty in rejecting Mr. Coslet's challenge to the sufficiency of the evidence on the marijuana charge. Substantial evidence supports the conclusion that Mr. Coslet was in the marijuana field for the purpose of maintaining and caring for the illicit flora, and a reasonable jury easily could have viewed his story that he was there for the innocent purpose of watching fauna as a dubious fabrication.

■ We next turn to the weapons charge. 18 U.S.C. § 924(c)(1) criminalizes the "use" of a firearm in connection with a drug trafficking offense. Although Mr. Coslet was not carrying the weapon when arrested, and did not fire it at any time while the agents observed him, such activity is not required to establish the "use" of a weapon within the meaning of § 924(c)(1). The use element of § 924(c)(1) is satisfied when a defendant has ready access to a firearm, the firearm was an integral part of the criminal undertaking, and its availability increased the likelihood that the criminal undertaking would succeed. *United States v. McKinnell,* 888 F.2d 669, 675 (10th Cir.1989). Guns are a ubiquitous part of the drug trade, facilitating transactions by providing protection to dealers, drugs and money. We therefore presume a nexus between a firearm and a drug trafficking offense when an individual with ready access to a firearm is involved in such an offense. *See United States v. Parrish,* 925 F.2d 1293, 1297–98 (10th Cir. 1991). A defendant can overcome this presumption by presenting evidence that the weapon was present for a reason other than facilitating the drug transaction. *Id.* at 1298.

■ Although Mr. Coslet claims that he found the shotgun on the ground and then put it in his car for safekeeping, the jury apparently rejected this explanation. "Access" to a firearm requires only that the weapon be available to the defendant in the vicinity where the drug offense occurred. *See United States v. Moore,* 919 F.2d 1471, 1475 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2812, 115 L.Ed.2d 985 (1991); *United States v. Vasquez,* 909 F.2d

235, 239 (7th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991). The shotgun was loaded, the rear portion of the gun case open, and the marijuana field was in an isolated area in which Mr. Coslet would have a long warning time of any approaching intruders and thus would have ample time to retrieve the gun from the car before a confrontation. These facts provide substantial support for the verdict.

### II. Failure To Demonstrate That Over 100 Plants Were Marijuana Plants

■ The court sentenced Mr. Coslet to 63 months on the marijuana charge in accordance with 21 U.S.C. § 841(b)(1)(B)(vii), which mandates a minimum prison term of five years for marijuana trafficking offenses involving "100 or more marijuana plants' regardless of weight." Mr. Coslet argues that the prosecution failed to establish that at least 100 of the plants discovered at the field were marijuana plants.

Although defining what constitutes a marijuana "plant" is a question of law reviewed de novo, we review the district court's determination of quantity under a clearly erroneous standard. *United States v. Shewmaker,* 936 F.2d 1124, 1129–30 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 884, 116 L.Ed.2d 788 (1992).

On appeal, Mr. Coslet concedes that the agents who raided the marijuana field testified that they identified and seized 140 marijuana plants. Aplt. Br. at 33–34. Following identification of the plants, the plants were cut down and separated into 14 bundles of 10 plants each. An agent grabbed random handful samples from each of the 14 bundles and placed these unmarked samples into one large bag. The contents of this bag were then sent to a lab for analysis. The government concedes that not every plant was tested for tetrahydrocannabinol (THC), the active ingredient in marijuana.

We disagree with Mr. Coslet's argument that the government must perform THC tests on each marijuana plant seized. Defining what constitutes a marijuana plant, and calculating the number of plants seized, has proven somewhat problematic, but several principals emerge from the case law.

THC tests need not be performed on each plant where sufficiently reliable testimony identifies the plants as marijuana. *See United States v. Madkour,* 930 F.2d 234, 239 (2d Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 308, 116 L.Ed.2d 251 (1991). 21 U.S.C. § 802(16) defines marijuana as "[a]ll parts of the plant *Cannabis sativa L.,* . . . ." Under this definition, the presence of THC is not required for a plant to be considered a marijuana plant. The THC content of marijuana plants varies widely, depending on gender, maturity, cultivation or breeding methods, and many other factors, and individual marijuana plants may even be barren of THC. However, the potential strength and effectiveness of a particular marijuana plant is irrelevant for sentencing purposes. A plant may be rich or barren of THC, and still be counted under § 841.

An expert need not testify as to the botanical identity and biological viability of plants identified as marijuana for the purposes of 21 U.S.C. § 841(b)(1). *United States v. Eves,* 932 F.2d 856, 860 (10th Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991). The government need only bring forth sufficiently reliable evidence to satisfy the court of the quantity of marijuana by a preponderance of the evidence. *Shewmaker,* 936 F.2d at 1129; *see United States v. Coppock,* 919 F.2d 77, 79 (8th Cir.1990) (testimony of police officer who seized plants sufficient to establish 120 plants as marijuana plants, where plants were available for court's inspection as trial exhibit); *United States v. Malbrough,* 922 F.2d 458, 464–65 (8th Cir.1990) (upholding trial court finding of 75 marijuana plants for sentencing purposes, concluding that government count of 100 plants may have been inflated by inclusion of tomato plants), *cert. denied,* — U.S. —, 111 S.Ct. 2907, 115 L.Ed.2d 1071 (1991); *United States v. Johnson,* 944 F.2d 396, 404–06 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 983, 117 L.Ed.2d 146 (1992), (packets taken from 6 different locations in

house need not each be tested for presence of cocaine where randomly selected packets taken from two locations tested positive for cocaine, and packets taken from other 4 locations appeared to be cocaine).

Aggressive cross-examination and contrary evidence in the district court is the appropriate forum for the defense to refute government calculation of quantities under § 841(b). Appellate review is appropriate only for mistakes of law or clear error.

### III. Failure to Submit A Jury Instruction For Possession Of Marijuana

Mr. Coslet contends that the jury may have confused his admitted possession of a small amount of marijuana with distribution of marijuana, and that the court should have sua sponte submitted a jury instruction for simple possession of marijuana, or modified the existing jury instruction. Since Mr. Coslet failed to request such an instruction, and we find no plain error in the district court's instructions to the jury, we reject this claim on appeal. *See United States v. Joe*, 831 F.2d 218, 219 (10th Cir. 1987), *cert. denied*, 484 U.S. 1072, 108 S.Ct. 1043, 98 L.Ed.2d 1006 (1988).

AFFIRMED.