**UNITED STATES of America, Plaintiff,**

v.

**Arturo BRAZIER, a/k/a Arturo Gooding, Ricardo Gooding, a/k/a Cookie, Defendants.**

Nos. 93–40003–08–SAC, 93–40003–09–SAC.

United States District Court, D. Kansas.

Jan. 26, 1994.

Lee Thompson, U.S. Atty., D. Kan., Thomas G. Luedke, Asst. U.S. Atty., for the U.S.

Alan G. Warner, Topeka, KS, for Arturo Brazier.

Matthew B. Works, Works, Works & Works, P.A., Topeka, KS, for Ricardo Gooding.

## MEMORANDUM AND ORDER

CROW, District Judge.

On December 6, 1993, the trial of these two co-defendants commenced. During the four day trial, the government introduced 57 exhibits into evidence and called 17 witnesses to testify. Neither defendant presented any evidence following the government's case-in-chief; neither defendant testified in their own defense. On December 13, 1993, the jury returned a verdict finding the defendant, Ricardo Gooding, guilty of one count of conspiracy to possess with intent to distribute cocaine hydrochloride and/or crack cocaine and one count of possession with intent

to distribute cocaine hydrochloride or crack cocaine.[1]

This case comes before the court upon Ricardo Gooding's "Motion for New Trial or Acquittal under Rule 33 and Rule 29." The government has filed a response to the defendant's motion. The defendant did not file a reply.

The court, having considered the briefs of counsel, the evidence presented at trial, and the applicable law, is now prepared to rule.

## Timeliness of Motion

■ The government argues that the defendant's motion for acquittal under Rule 29 or new trial under Rule 33 is untimely. The jury returned its verdict and was discharged on December 13, 1993; Gooding filed his motion for new trial or acquittal on December 22, 1993, nine calendar days later. The government argues that the last date Gooding could have filed his motion was December 20, 1993. The government contends that the court should deny Gooding's motion on this basis alone.

Fed.R.Crim.P. 29(c) states that "a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period." Fed.R.Crim.P. 33 states that a motion for new trial based upon grounds other than newly discovered evidence "shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7–day period." "The seven-day period for filing a motion for a new trial, based upon any ground other than newly discovered evidence, is a jurisdictional limit on the district court's power to act." *United States v. Miller*, 869 F.2d 1418, 1420 (10th Cir.1989); *see United States v. Waitt*, No. 90–10090–01, 1992 WL 121750, 1992 U.S.Dist. LEXIS 8752 (D.Kan. March 17, 1992) (dismissing defendant's motion for new trial for lack of jurisdiction as the motion for new trial was untimely).

Although Gooding's motion was filed nine calendar days after the jury returned its verdict and was discharged, his motion is timely. The government's calculation of the last date that Gooding could have filed a motion for new trial or a motion for acquittal ignores Fed.R.Crim.P. 45, which provides in pertinent part:

(a) **Computation.** In computing any period of time the day of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of some paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. *When a period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sunday and legal holidays shall be excluded in the computation....* (emphasis added).

Therefore, excluding Saturdays and Sundays, the time for filing a motion for new trial or a motion for judgment of acquittal expired on December 22, 1993. Gooding's motion is timely and therefore this court has jurisdiction to consider the defendant's motion.

## Motion for Judgment of Acquittal

■ To review the sufficiency of the evidence supporting a criminal conviction, the court must examine the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Miller*, 987 F.2d 1462, 1464 (10th Cir.1993). In reviewing the sufficiency of the evidence, the court must consider both direct and circumstantial evidence, as well as reasonable inferences to be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir.1993) (citing *United States v. Fox*, 902 F.2d 1508, 1513 (10th Cir.),

---

1. The jury also found Arturo Brazier, Ricardo Gooding's uncle, guilty of one count of conspiracy to possess with intent to distribute cocaine hydrochloride and/or crack cocaine, one count of possession with intent to distribute cocaine hydrochloride and one count of using a telephone in causing or facilitating the possession of cocaine with intent to distribute.

*cert. denied,* 498 U.S. 874, 111 S.Ct. 199, 112 L.Ed.2d 161 (1990)). The court must accept the jury's resolution of conflicting evidence and its assessment of the credibility of witnesses. *Davis,* 1 F.3d at 1017 (citing *United States v. Youngpeter,* 986 F.2d 349, 352 (10th Cir.1993)).

### Elements of the Crimes Charged:

### Conspiracy to Distribute a Controlled Substance:

### 21 U.S.C. § 846

Title 21, section 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." In *United States v. Evans,* 970 F.2d 663 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1288, 122 L.Ed.2d 680 (1993), the Tenth Circuit recently discussed the elements of conspiracy under 21 U.S.C. § 846:

> To prove conspiracy, the government must show "[1] that two or more persons agreed to violate the law, [2] that the defendant knew at least the essential objectives of the conspiracy, ... [3] that the defendant knowingly and voluntarily became a part of it," and [4] that the alleged coconspirators were interdependent. *United States v. Fox,* 902 F.2d 1508, 1514 (10th Cir.) (citation omitted), *cert. denied,* [498] U.S. [874], 111 S.Ct. 199, 112 L.Ed.2d 161 (1990). By necessity, the government may establish these elements by direct or circumstantial evidence. *See United States v. Andrews,* 585 F.2d 961, 964 (10th Cir.1978) ("The nature of the offense of conspiracy with its attendant aspects of secrecy often requires that elements of the crime be established by circumstantial evidence.").

*Id.* 970 F.2d at 668–669. "Proof of an overt act is not required for a drug conspiracy charged under 21 U.S.C. § 846." *United States v. Morehead,* 959 F.2d 1489, 1499 n. 2 (10th Cir.1992) (citing *United States v. Savaiano,* 843 F.2d 1280, 1293–94 (10th Cir.)).

In a conspiracy trial, caution must be taken to be sure the conviction was not obtained "'by piling inference upon inference.'" *United States v. Fox,* 902 F.2d 1508, 1513 (10th Cir.) (quoting *United States v. Butler,* 494 F.2d 1246, 1252 (10th Cir.1974)), *cert. denied,* 498 U.S. 874, 111 S.Ct. 199, 112 L.Ed.2d 161 (1990).

*United States v. Rangel–Arreola,* 991 F.2d 1519, 1521–22 (10th Cir.1993).

### Possession with Intent to Distribute:

### 21 U.S.C. § 841

Title 21, section 841(a)(1) makes it a crime to possess, with intent to distribute or dispense, a controlled substance. Cocaine is a controlled substance. The Tenth Circuit recently discussed the elements necessary to sustain a conviction under 21 U.S.C. § 841(a)(1):

> In order to convict a defendant of possession of [a controlled substance] with intent to distribute it in violation of 21 U.S.C. § 841(a)(1), the government must prove the following essential elements beyond a reasonable doubt: (1) the defendant knowingly possessed [a controlled substance]; and (2) the defendant possessed the [controlled substance] with the specific intent to distribute it. *See United States v. Gay,* 774 F.2d 368, 372 (10th Cir.1985). Possession of narcotics, of course, may be either actual or constructive. Generally, a person has constructive possession of narcotics if he knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found. *United States v. Parrish,* 925 F.2d 1293, 1296 (10th Cir.1991). Constructive possession may be established by circumstantial evidence, but the government must show a sufficient nexus between the defendant and the narcotics. *Id.*

*United States v. Hager,* 969 F.2d 883, 888 (10th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 437, 121 L.Ed.2d 357 (1992); *see United States v. Coslet,* 987 F.2d 1493, 1495 (10th Cir.1993); *United States v. Howard,* 966 F.2d 1362, 1365 (10th Cir.1992).

## Analysis

The court concludes that there was sufficient evidence to sustain the jury's verdict on each count and that no error was committed in the evidentiary rulings now challenged by Gooding. The court will address each of Gooding's arguments seriatim.

Gooding argues that the court erred by allowing the introduction of certain evidence identified as crack cocaine. Gooding argues that the only person to identify the substance he had transported as cocaine was Anthony Felix, a convicted felon and drug abuser.[2] Felix testified, based upon his knowledge and experience with cocaine, that Gooding had transported a substance into Kansas which appeared to him to be crack cocaine. Gooding contends that this evidence was legally insufficient to support a finding of guilt beyond a reasonable doubt.

The government responds that several witnesses testifying at trial identified the substance admitted at trial as crack cocaine. The government also notes that an expert from the Kansas Bureau of Investigations testified that the substance introduced at trial was in fact cocaine. The government argues that this cocaine was purchased from a house operated by a co-conspirator and is direct evidence of the conspiracy and circumstantial evidence of the defendant's prior delivery of similar crack to the address.

In response to Gooding's challenge to Felix' testimony, the government contends that there was a sufficient foundation laid for Felix to identify and estimate the weight of the substance he observed. The government contends that Felix had considerable experience with crack cocaine and that none of Felix' customers complained that the substance distributed was not "the real thing." The government contends that the weight to be given Felix' opinion on this issue was a matter for the jury to decide.

In response to Gooding's other challenges to Felix' testimony, the government contends that Felix' testimony was corroborated by other evidence introduced at trial. The fact

that Felix may have been confused as to some of the dates about which he testified concerning the timing of certain calls is understandable in light of the number of telephone calls placed during the time the conspiracy existed.

■ The court concludes that there was sufficient direct and circumstantial evidence to sustain each of Gooding's convictions. Felix' testimony expressing his opinion that the substance delivered by Gooding was cocaine was properly admitted under Fed.R.Evid. 701. *See United States v. Garcia*, 994 F.2d 1499, 1506–1507 (10th Cir.1993) ("In order for a lay opinion to be 'rationally based on the perception of the witness,' the witness must have 'first hand knowledge' of the events to which he is testifying."). Felix' testimony was rationally based on his own perceptions and was helpful to determining an issue of fact. Felix was present, personally participated, and was intricately involved in the conspiracy to possess cocaine with intent to distribute. Moreover, Felix' testimony was corroborated by direct and circumstantial evidence.

■ The court is also satisfied that Felix' testimony was essentially consistent with the other evidence admitted at trial. The fact that Felix may not have correctly identified the date each and every event transpired would not necessarily indicate that he manufactured his entire story. The jury was given several instructions concerning their evaluation of the credibility of witnesses. As an example, Jury Instruction No. 30 states:

> You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses. In weighing the testimony of the witnesses you have a right to consider their appearance and manner while testifying, their means of knowledge, apparent intelligence or ignorance, interest or want of interest in the outcome of the case, and all other facts and circumstances appearing in the trial which will aid you in arriving at the truth. If you believe any witness has willfully testified

---

2. During trial, Felix admitted that he had used several types of drugs but denied that he was an addict. The court notes that a "drug addict"

instruction was included in the jury instructions. *See* Instruction No. 34.

falsely as to any material fact, you may disregard the whole or any part of his testimony; but you are not bound to believe or disbelieve all the testimony of any witness.

When weighing conflicting testimony you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

Felix' failure to correctly identify the date of each and every event occurring during this conspiracy was simply a factor for the jury to use in evaluating the credibility of his testimony.

Each of the defendants extensively cross-examined Felix concerning not only his recollection of the relevant events, but also his personal bias and possible motives to lie. In closing argument, counsel attempted to undermine Felix testimony in several ways. Counsel specifically argued that Felix' testimony was undermined and contradicted by the phone records; counsel made essentially the arguments presented in this motion. A rational factfinder could have chosen to believe the essential facts of Felix' testimony.

In sum, a rational factfinder, relying upon Felix' testimony and the other direct and circumstantial evidence introduced at trial, could have found Gooding guilty of each crime charged beyond a reasonable doubt.

### Motion for New Trial

"A motion for a new trial is not viewed with favor and should be granted with great caution." *United States v. Miller*, 987 F.2d 1462, 1466 (10th Cir.1993). The court has considered all of the errors alleged to have been committed and concludes that the defendant's complaints are without merit. In short, Gooding received a fair trial.

■ The court has already addressed several of the arguments advanced by Gooding in responding to his motion for judgment of acquittal. In regard to Gooding's complaint that the court unfairly limited his cross-examination of Agent James Kanatzar,[3] the

court is satisfied that its ruling was proper under Fed.R.Evid. 402, Fed.R.Evid. 403, Fed.R.Evid. 608, and Fed.R.Evid. 611. *See United States v. Young*, 952 F.2d 1252, 1258 (10th Cir.1991) ("[E]ven faced with the Sixth Amendment confrontation clause, the trial court retains discretion to reasonably limit the scope of cross-examination."); *see also United States v. Scop*, 846 F.2d 135, 142 (2nd Cir.1988) ("The credibility of witnesses is exclusively for the determination by the jury, *United States v. Richter*, 826 F.2d 206, 208 (2nd Cir.1987), and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial.").

Assuming, *arguendo*, that the court erred in limiting the defendant's cross-examination of Agent Kanatzar, that error was harmless. As indicated above, the defendant vigorously cross-examined Felix on the same "inconsistencies" he sought to elicit from Agent Kanatzar. Agent Kanatzar's testimony on the issue would have been cumulative to Felix' testimony.

In sum, the court concludes that Gooding received a fair trial and that the none of the alleged errors requires a new trial.

IT IS THEREFORE ORDERED that Gooding's "Motion for New Trial or Acquittal Under Rule 33 and Rule 29" (Dk. 253) is denied.

---

**3.** During cross-examination of Agent Kanatzar, the defendant attempted to ask Agent Kanatzar why he believed Felix' statements and testimony

· to be consistent. The court did not permit this line of inquiry.