34 F.3d 1077
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ray FRITTS, Defendant-Appellant.
 No. 93-5140.
 United States Court of Appeals, Tenth Circuit.
 Aug. 5, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Ray Fritts appeals his conviction of mailing a threatening communication to a federal judge in violation of 18 U.S.C. 876. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Mr. Fritts admits writing and mailing the letter. The only issue on appeal is whether a reasonable jury could have found that the letter contained a threat against a federal judge. The letter states that it is a threatening letter, uses the word kill or its derivative dozens of times on the first page of the letter and refers to another federal judge who was killed. We review the evidence in the light most favorable to the government and determine whether any reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Coslet, 987 F.2d 1493, 1495 (10th Cir.1993). We believe a reasonable jury could have found that this letter contained a threat against a federal judge. We hold that the evidence was sufficient to support the jury's verdict and we AFFIRM the judgment of the district court. Mr. Fritts' counsel presents this appeal pursuant to the procedures delineated by the Supreme Court in Anders v. California, 386 U.S. 738 (1967), and Tenth Circuit Rule 46.4.2. and requests permission to withdraw. We GRANT the request for permission to withdraw. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470