56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff--Appellee,
v.
Carmelo ROJAS, also known as 8/3/72, Defendant--Appellant.
 No. 94-2019.
(D.C. No. 93-359-02 JP)
 United States Court of Appeals, Tenth Circuit.
 June 1, 1995.
 
 1
 Before TACHA and HOLLOWAY, Circuit Judges, and ELLISON,[2] District Court Judge.
 
 
 2
 Defendant Carmelo Rojas was charged with one count of possessing more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B), one count of conspiracy to possess more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. 846, and one count of carrying or using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1). Each count also charged defendant with aiding and abetting these offenses in violation of 18 U.S.C. 2. A jury returned a verdict of guilty on all three counts. Defendant claims that the government failed to introduce evidence sufficient to sustain his convictions on any of the charges. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 3
 * On June 21, 1993, Lieutenant Ramiro Flores and other officers from the Sandoval County Sheriff's Office executed a warrant to search the building at 838 Bridge Southwest in Albuquerque, New Mexico. As the officers approached the building, they encountered defendant, who unlocked the door and allowed them to enter.
 
 
 4
 The officers searched the premises and discovered six ounces of cocaine and a loaded revolver under a shirt on top of the water heater. They also found an O'Haus triple-beam scale and several plastic baggies. Officers arrested defendant and seized from him his key to the building as well as $840 cash.
 
 
 5
 As the search of the building continued, the officers discovered a kilogram of cocaine inside a trash can and another three ounces of cocaine hidden in a pair of boots. They also found audio equipment repair receipts in defendant's name, a Western Union money transfer receipt using defendant's alias, "Pedro Torres," and weightlifting equipment within ten feet of the water heater that defendant acknowledged was his.
 
 
 6
 Defendant was charged with possession with intent to distribute more than 500 grams of cocaine, conspiracy to do the same, and using a firearm in relation to a drug trafficking offense. His trial began October 4, 1993, during which he denied any knowledge of or participation in any of the crimes charged. The trial ended October 7, 1993; the jury convicted defendant on all three counts. The district court sentenced defendant to a total of fifteen years imprisonment: ten years on both the possession with intent to distribute and conspiracy charges, with the sentences to run concurrently, and five years on the firearms charge, to run consecutively. Defendant now appeals.
 
 II
 
 7
 Whether the record contains sufficient evidence to sustain a defendant's conviction is a question of law that we review de novo. Kelly v. Roberts, 998 F.2d 802, 807 (10th Cir.1993). We will sustain a jury's verdict of guilty against a claim of insufficient evidence "unless no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Romero v. Tansy, 46 F.3d 1024, 1032 (10th Cir.1995). In our examination of the record, we view the evidence presented at trial in the light most favorable to the government without "weigh[ing] conflicting evidence or consider[ing] the credibility of witnesses." Kelly, 998 F.2d at 808. Indeed, we will "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir.1993).
 
 A.
 
 8
 To demonstrate that a defendant possessed narcotics with intent to distribute in violation of 21 U.S.C. 841(a)(1), "the government must prove that the defendant: (1) possessed a controlled substance, (2) knew he possessed a controlled substance, and (3) intended to distribute the controlled substance." United States v. Mains, 33 F.3d 1222, 1228 (10th Cir.1994).[3] The defendant's possession of cocaine "may be actual or constructive and may be proved by circumstantial evidence." United States v. Parra, 2 F.3d 1058, 1069 (10th Cir.), cert. denied, 114 S.Ct. 639 (1993). A person exercises constructive possession when "he knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found." United States v. Hager, 969 F.2d 883, 888 (10th Cir.), cert. denied, 113 S.Ct. 437 (1992). And a defendant's "intent to distribute may be inferred from the possession of a large quantity of a controlled substance." United States v. Nicholson, 17 F.3d 1294, 1299 (10th Cir.1994).
 
 
 9
 In this case, the record contains ample evidence that defendant knowingly possessed cocaine. Officers executing the warrant found defendant in possession of a key to the building where the cocaine was discovered, and defendant had been seen at the building several times prior to his arrest. Moreover, officers found receipts at the building under defendant's name and his alias, and his weightlifting equipment was located within ten feet of the water heater, where six ounces of cocaine were found. At a minimum, this evidence is enough to establish constructive possession. And the jury could have inferred that defendant's possession was knowing from his reaction to the officers' discovery of the cocaine. Specifically, Officer Flores testified that when defendant was shown the cocaine found by the officers on top of the water heater, defendant responded, "You know what it is ... that's what you're looking for." This evidence is sufficient for a rational trier of fact to find knowing possession of cocaine.
 
 
 10
 The record also contains sufficient evidence to establish that defendant intended to distribute. First, officers found $840 cash on defendant's person when he was arrested, even though defendant testified that he was making only $120 to $140 per week working odd jobs. Second, Officer Flores testified that among the $840 was a marked $20 bill used by the police in a controlled buy of cocaine from a co-defendant, Luis Ramirez. Finally, the evidence showed that the amount of cocaine seized from the building exceeded a kilogram, a quantity large enough for the jury to infer an intent to distribute. In sum, we find sufficient evidence in the record to sustain defendant's conviction for possession of cocaine with intent to distribute under 21 U.S.C. 841(a)(1).
 
 B.
 
 11
 To prove a violation of 21 U.S.C. 846, the government must "prove that the defendant knew at least the essential objectives of the conspiracy and knowingly and voluntarily became a part of it." United States v. Johnson, 42 F.3d 1312, 1319 (10th Cir.1994), cert. denied, 115 S.Ct. 1439 (1995). The jury may infer an agreement constituting a conspiracy "from the acts of the parties and other circumstantial evidence indicating concert of action for the accomplishment of a common purpose." Id. It may also "presume that a defendant is a knowing participant in the conspiracy when he acts in furtherance of the objective of the conspiracy." United States v. Brown, 995 F.2d 1493, 1502 (10th Cir.) (internal quotation marks omitted), cert. denied, 114 S.Ct. 353 (1993). Moreover, as the Supreme Court recently held in United States v. Shabani, 115 S.Ct. 382 (1994), section 846 does not require the prosecution "to prove that a conspirator committed an overt act in furtherance of the conspiracy." Id. at 383.
 
 
 12
 The record in this case reveals sufficient evidence for a rational trier of fact to have concluded that defendant knew the essential objectives of the conspiracy and voluntarily became a part of it. First, all three defendants lived together, and all had keys to the building where the cocaine was found. Second, defendant was found in possession of a marked $20 bill that had been used by the police in a controlled buy of cocaine from one of defendant's co-conspirators. Finally, defendant's prior conviction for drug trafficking in June 1991, as well as his overt act of possessing cocaine with intent to distribute in this case, indicates that he knew the objectives of the conspiracy. Viewing the record in the light most favorable to the prosecution, we conclude that there was sufficient evidence for the jury to have found beyond a reasonable doubt that defendant conspired to possess cocaine with the intent to distribute.
 
 C.
 
 13
 Finally, defendant claims that there was insufficient evidence to sustain his conviction under 18 U.S.C. 924(c)(1). Section 924(c) states that "[w]hoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years." 18 U.S.C. 924(c).
 
 
 14
 This court has held that, for purposes of section 924(c), a defendant "uses" a firearm "during and in relation to" a criminal undertaking when the firearm "(1) is readily accessible, (2) is an integral part of the criminal undertaking, and (3) increases the likelihood that the criminal undertaking would succeed." United States v. Hall, 20 F.3d 1084, 1088-89 (10th Cir.1994). To show that a firearm was readily accessible, the government must demonstrate that it "was available to the defendant in the vicinity where the drug trafficking offense took place." United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991); see also United States v. Coslet, 987 F.2d 1493, 1495 (10th Cir.1993) ("Access' to a firearm requires only that the weapon be available to the defendant in the vicinity where the drug offense occurred.").
 
 
 15
 The government can prove ready accessibility of a firearm by demonstrating a close proximity between the firearm and the drugs. Hall, 20 F.3d at 1089. For instance, in United States v. Conner, 972 F.2d 1172 (10th Cir.1992), this court held that evidence that the drugs were "directly below the firearm" was "sufficient for a jury to find that [the defendant] intended the weapon to be readily available for use during the drug transaction." Id. at 1174. And in Hager, we upheld a defendant's conviction under section 924(c) where the firearms were in close proximity to the drugs and there was substantial evidence connecting the defendant to the building where the drugs and the firearm were seized. 969 F.2d at 889.
 
 
 16
 In this case, Officer Flores testified that the officers discovered the firearm on top of the water heater right next to six ounces of cocaine. This alone is sufficient evidence for the jury to have concluded that the weapon was in close proximity to the drugs and therefore "readily accessible" for purposes of section 924(c).
 
 
 17
 The two additional elements of the section 924(c) test--that the firearm be an integral part of the criminal undertaking and that it increase the likelihood of the undertaking's success--require "a nexus between the readily accessible gun and the offense." United States v. Dahlman, 13 F.3d 1391, 1401 (10th Cir.1993), cert. denied, 114 S.Ct. 1575 (1994). It is well-settled in this circuit that, as an appellate court reviewing for sufficiency of evidence, "we presume a nexus between a firearm and a drug trafficking offense when an individual with ready access to a firearm is involved in such an offense." United States v. Holland, 10 F.3d 696, 699 (10th Cir.1993), cert. denied, 114 S.Ct. 739 (1994); see also Coslet, 987 F.2d at 1495; Parrish, 925 F.2d at 1298. "However, a defendant charged with a drug trafficking offense may overcome this presumption by presenting some evidence suggesting the firearm was present for a reason other than facilitating the drug operation." Parrish, 925 F.2d at 1298; see also Coslet, 987 F.2d at 1495.
 
 
 18
 In this case, defendant has offered no other explanation for the presence of the firearm. We therefore conclude that there was sufficient evidence for the jury to convict defendant of using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. 924(c)(1).
 
 III
 
 19
 For the aforementioned reasons, we find that the evidence introduced by the government at trial was sufficient to sustain defendant's convictions on all three charges. We therefore AFFIRM the judgment of the district court.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.
 
 
 [2]
 The Honorable James O. Ellison, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 To sustain a conviction for possession of more than 500 grams with intent to distribute under 21 U.S.C. 841(a)(1) and (b)(1)(B), the government does not have to establish that the defendant had knowledge of the quantity. United States v. Klein, 860 F.2d 1489, 1494-95 (9th Cir.1988). The knowledge requirement applies only to a defendant's act of possession. Id. at 1495