**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN REYES,

Defendant-Appellant.

No. 96-2117
(D.C. No. CIV-95-1556-SC)
(D. N.M.)

---

ORDER AND JUDGMENT[*]

---

Before EBEL, HENRY, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. Therefore, appellant's request for oral argument is denied, and the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Ruben Reyes appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We previously granted a certificate of appealability, and we affirm.

Following a jury trial, defendant was convicted of conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and using or carrying a firearm during or in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). He was sentenced to ten years incarceration on the drug charges, to run concurrently, and five years incarceration on the firearm count, to run consecutively. On direct appeal, this court affirmed defendant's conviction, but vacated his sentence on the conviction of conspiracy to possess with intent to distribute more than five kilograms of cocaine and remanded for resentencing. On remand, defendant's sentence on the conspiracy conviction was reduced from ten years to five years.

In his § 2255 motion, defendant sought to vacate his firearm conviction based on his assertion that, under Bailey v. United States, 116 S. Ct. 501 (1995), the jury was incorrectly instructed on the "use" prong of § 924(c). In addition, he

claimed that there was insufficient evidence to support a guilty verdict on the charge of "carrying" a firearm.[1]

## I. Background

Defendant was arrested following an undercover investigation by the Immigration and Naturalization Service into illegal alien smuggling and drug trafficking in New Mexico. An undercover agent, Jesus Carrillo, became acquainted with a member of the drug operation, Luis Corrales. He persuaded Corrales to make contact with the apparent leader, Jose Luis Castillo. After agent Carrillo, using Corrales as a middleman, made several small cocaine purchases from Castillo, he set up plans to purchase ten kilograms for $197,000. Agent Carrillo was informed that defendant was to be the source for the ten kilograms, that defendant was very suspicious, and that there would be armed security

---

[1] Generally, we may not consider issues in a § 2255 motion that should have been raised on direct appeal absent a showing of cause for the default and prejudice therefrom, or that manifest injustice will result if the claims are barred. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). Here, the government did not raise procedural bar, and the district court proceeded directly to the merits of defendant's motion. Thus, the issue has been waived. See United States v. Hall, 843 F.2d 408, 410 (10th Cir. 1988). Although we have the authority to raise the question of procedural bar sua sponte if the record supports such a determination, see Hines v. United States, 971 F.2d 506, 509 (10th Cir. 1992), we need not do so here as, even assuming that the issues are not procedurally barred, defendant's claims fail on their merits.

protecting the transaction. The transfer was to take place in a building on defendant's property.

Other agents were informed that the vehicle containing the cocaine would be blue. Pepe Castillo and Manual Castillo, other members of Jose Luis Castillo's family, met agent Carrillo at a motel in Las Cruces where agent Carrillo showed the Castillos the money. Agent Carrillo was then asked to meet them later at a bar in La Mesa. In the interim, agents observed a blue vehicle leave the Castillo residence, travel to defendant's house, remain there for a period of time and then continue on to the bar in La Mesa, where agent Carrillo was shown the cocaine on the car's floorboard. When agent Carrillo asked to inspect the cocaine, they all drove to a metal building on defendant's property, where agent Carrillo was allowed to sample the cocaine. Agent Carrillo then left the property, telling them he was going to get the money.

Through surveillance, agents observed the Castillos leave the metal building in a blue truck and park on a road nearby. They were followed by a white flatbed truck, and ten minutes later by a black truck owned by defendant. When the police arrived, they arrested the Castillos, Manuel Reyes Renteria, Luis Sanchez, and defendant. On the seat of defendant's black truck, they found a loaded nine millimeter handgun. A subsequent search of defendant's house produced more drug-related items. At his trial, defendant claimed that he did not

know the cocaine was in the Castillos' truck, and that the handgun found in his truck belonged to Pepe Castillo.

## II.  Discussion

### A.  Standard of Review

When reviewing the denial of a § 2255 motion, we review the district court's legal rulings de novo, and its findings of fact for clear error.  United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996).

### B.  Incorrect Jury Instruction

Initially, defendant asserts that the instruction given to the jury on the definition of "use" under 18 U.S.C. § 924(c)[2] was erroneous.  Prior to Bailey, this court defined "use" as when the firearm "(1) is readily accessible, (2) is an integral part of the criminal undertaking, and (3) increases the likelihood of success for that undertaking."  United States v. Conner, 972 F.2d 1172, 1173 (10th Cir. 1992).  In Bailey, the Supreme Court narrowed this construction, holding that a conviction of "use" under § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes

---

[2]     Section 924(c)(1) provides an enhanced sentence for anyone who "uses or carries a firearm" "during and in relation to any . . . drug trafficking crime."

the firearm an operative factor in relation to the predicate offense." 116 S. Ct. at 505. The Court held that "'use' must connote more than mere possession of a firearm by a person who commits a drug offense," id. at 506, and does not extend to a situation "where an offender conceals a gun nearby to be at the ready for an imminent confrontation," id. at 508.

The instruction given to the jury here stated:

> Section 924(c)(1) of Title 18 of the United States Code provides that it is unlawful for any person to use or to carry a firearm during and in relation to any drug trafficking crime.
>
> In order to establish the offense proscribed by that statute, the Government must prove each of the following elements beyond a reasonable doubt:
>
> First, that the defendant used or carried a firearm, as described in the Indictment;
>
> Second, that the defendant had knowledge that he was using or carrying the firearm; and
>
> Third, that the using or carrying of this firearm by the defendant was during and in relation to a drug trafficking crime.
>
> For the purposes of this case, "a drug trafficking crime" means a violation of Section 841(a)(1) of Title 21 of the United States Code which prohibits possession with intent to distribute cocaine. If you find the defendant under consideration is guilty of violating Section 841(a)(1) of Title 21 of the United States Code, as explained earlier in these instructions then, as a matter of law, this violation constitutes a "drug trafficking crime."
>
> For the purposes of this case, the word "firearm" means any weapon which will or is designed to or may be readily be converted to expel a projectile by the action of an explosive.

-6-

You are also instructed that the word "carry" includes when a defendant in possession of a firearm transports the firearm or causes the firearm to be transported.

R. Vol. I, tab 17, App. "C."

Specifically, defendant claims that although he was charged alternatively with "using" or "carrying" a firearm during or in relation to a drug trafficking offense, the instruction given to the jury defined only "carrying." He claims that because the jury might have convicted on the "use" prong without proper instruction as to the elements of the charge, the court's omission was error fatal to the verdict. The government argues that because no evidence was presented to prove that defendant "used" a firearm, and because the evidence was sufficient to convict under the "carry" prong of § 924(c), defendant's conviction should stand regardless of the omission in the instruction. We agree, albeit under a slightly different rationale.

This court very recently affirmed the denial of a § 2255 motion in a case where a defendant charged alternatively with "using" or "carrying" a firearm under § 924(c)(1) was convicted pursuant to an erroneous pre-Bailey "use" instruction. See United States v. Holland, No. 96-1102, 1997 WL 364290 (10th Cir. July 2, 1997). We opined that the sufficiency of the evidence supporting a conviction on the legally valid "carrying" ground does not eliminate the possibility of prejudice "unless we can be assured the jury did in fact rely on the

valid ground, or unless, in convicting [the defendant], the jury necessarily made

the findings required to support a conviction on the valid ground." Id., 1997 WL

364290, at *5. In reaching that conclusion, we held

> an erroneous "use" instruction does not require reversal of the
> conviction when the jury was also instructed without objection on
> "carry," the defendant did not dispute that the firearm was carried on
> his person or in his vehicle, and the jury verdict necessarily includes
> an inherent finding of "carrying during and in relation to the drug
> crime." The essential inquiry is whether the jury's verdict, under the
> instructions given and the nature of the evidence, required the jury to
> find all the elements of a "carrying" violation, or stated another way,
> whether the verdict was the functional equivalent of such a finding.
> We must be convinced that it was impossible upon the evidence and
> instructions for the jury to have returned a "use" conviction without
> finding all the elements of a "carrying" violation as well.

Id., 1997 WL 364290, at *6 n.4.

The government asserts the evidence presented at trial showed that

defendant constructively possessed and transported the gun during the course of

the drug transaction.[3] Because these were elements the jury would have had to

find to convict defendant under the "carry" prong of § 924(c)(1), we are certain

that a jury did not convict defendant "for conduct that the law does not make

criminal." Holland, 1997 WL 364290, at *6. Moreover, the defendant concedes

no evidence was presented at trial that he "used" the firearm, and he has not

---

[3]     As we will discuss later in this order and judgment, we were provided with
no trial transcript and, therefore, we cannot review the sufficiency of the evidence
presented.

presented us with a record basis for challenging the government's representations of the evidence. See United States v. Miller, 84 F.3d 1244, 1257 (10th Cir.) (reviewing court can be sure that defendant was not convicted on legally invalid ground, "if, for example, there was no evidence whatsoever to support a conviction on the legally erroneous ground"), cert. denied, 117 S. Ct. 443 (1996), and partially overruled on other grounds by Holland, 1997 WL 364290.[4]  The following factors together satisfy us that the omission of a "use" definition in the instructions did not constitute reversible error:  (1) there was no evidence of "use" at trial; (2) there was no jury instruction defining "use;" (3) there was a guilty verdict following a proper "carrying" instruction; and (4) because the record is inadequate, there is an assumption of sufficient evidence to support a conviction for "carrying."

---

[4]    In Miller, 84 F.3d 1244 and in United States v. DeSantiago-Flores, 107 F.3d 1472 (10th Cir. 1997), we concluded that an erroneous "use" instruction to the jury required reversal.  In Holland, the court overruled both cases to the extent that they were inconsistent with the holding that an erroneous "use" instruction does not constitute reversible error if "it was impossible upon the evidence and instructions for the jury to have returned a 'use' conviction without finding all the elements of a 'carrying' violation as well."  1997 WL 364290, at *6 n.4

## C. Sufficiency of Evidence

Next, defendant asserts that the evidence presented at trial was insufficient to support a conviction on "carrying" a firearm during or in relation to the drug transaction. The government contends there was sufficient evidence before the jury that defendant transported the firearm in his truck to the scene of the drug transaction and that he had constructive possession of the firearm during and in relation to the drug trafficking offense. See United States v. Simpson, 94 F.3d 1373, 1379 (10th Cir. 1996) (to prove a charge of carrying a firearm, both before and after Bailey, the government must establish that defendant transported a firearm in a vehicle and had actual or constructive possession of it during or in relation to a drug offense).

"[I]f . . . an appellant intends to urge 'that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.'" Green v. Johnson, 977 F.2d 1383, 1387 (10th Cir. 1992) (quoting Fed. R. App. P. 10(b)(2)). It is counsel's responsibility to ensure that a relevant transcript is provided, and this court is under no obligation to remedy any failure of counsel to provide a sufficient record. See Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir. 1992). Here, defendant attacks the sufficiency of the evidence presented at trial, but includes no transcript in the record. This omission

precludes any review of the sufficiency of the evidence issue. See United States v. Vasquez, 985 F.2d 491, 495 (10th Cir. 1993).[5]

Therefore, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[5] The district court also commented on the scant record provided, noting that the only documents presented in support of defendant's motion were the presentence report, judgment, resentencing judgment, an affidavit, instruction No. 19, the indictment, certain motion responses, and the verdict. See R. Vol. I, tab 18 at 2.