**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Lee HAGER, Defendant–
Appellant.**

**No. 91–6310.**

United States Court of Appeals,
Tenth Circuit.

July 7, 1992.

Frank Michael Ringer, Asst. U.S. Atty. (Timothy D. Leonard, U.S. Atty., with him on the brief), Oklahoma City, Okl., for plaintiff-appellee.

Susan M. Otto, Acting Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Before TACHA and EBEL, Circuit Judges, and ROGERS,* District Judge.

ROGERS, District Judge.

Robert Lee Hager appeals from his convictions for possessing approximately 2.8 kilograms of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) [Count 1], possessing a firearm after a conviction of a felony in violation of

---

* The Honorable Richard D. Rogers, District Judge, United States District Court for the Dis-   trict of Kansas, sitting by designation.

18 U.S.C. § 922(g) [Count 2], and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) [Count 3]. In his appeal, he raises four arguments. He contends (1) the evidence seized subsequent to his arrest should have been suppressed because it was obtained in violation of the Fourth Amendment; (2) there was insufficient evidence to support his convictions for Counts 1 and 3; (3) the offense charged in Count 2 was duplicitous because it charged him with possession of various firearms at different places on the same date; and (4) the trial court improperly instructed the jury on the essential elements of Count 2. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm the district court's judgment.

The defendant was arrested on February 13, 1989, while driving in his car with a female companion. He was stopped by the Oklahoma Highway Patrol on the authority of a federal parole violator's warrant. Hager exited his car at the request of the Oklahoma trooper. The trooper noticed a .38 caliber pistol on the driver's side of the front seat. The gun was seized. The car was subsequently searched, and a bag containing papers belonging to the defendant was discovered.

A search warrant for an apartment located at 3481 S.W. 44th Street in Oklahoma City, Oklahoma was subsequently obtained and executed on the date of the defendant's arrest. Cocaine, firearms and documents were found pursuant to the warrant. Cocaine was found in the following four locations within the apartment: (1) in five plastic peanut jars in a cardboard box located in the main closet; (2) in a green plastic cactus plant found on top of the refrigerator in the kitchen; (3) in a stuffed toy dog in a closet; and (4) in five plastic peanut butter jars in a vase found in the living room. A notebook discovered in the bag in the automobile driven by the defendant contained cryptic references to the stuffed toy dog, the vase and the plastic cactus and the number of packages of cocaine contained in each. The total weight of the cocaine found in the apartment was 2.8 kilograms. Hager's fingerprints were found on two of the plastic jars that contained cocaine. Law enforcement officials found the following firearms in the following locations during the search: (1) a twelve-gauge shotgun in a linen closet leaning on the left doorjamb; (2) a loaded .22 caliber pistol in a metal box in the same linen closet; and (3) a .22 caliber pistol in a pair of boots discovered in the living room. A number of documents related to Hager were found in the apartment. Authorities found several documents in the metal box which contained the .22 caliber pistol, including several bills of sale with Hager's name on them and Hager's passport. They also found items connected with Hager, including business cards and photographs, in other areas of the apartment.

## I.

The defendant challenged the evidence seized at the apartment in several motions to suppress. The trial court, after conducting an evidentiary hearing, denied the motions. On appeal, the defendant raises three arguments concerning the seized evidence. First, he argues that the affidavit was defective because the affidavit was "completely silent on the particulars of [the] informant's reliability or the circumstances under which the informant allegedly obtained [the] incriminating information." Second, he asserts that the affidavit omitted critical information concerning the reliability of the informant. Hager contends that the affidavit omitted information that the informant had held a woman and a child hostage approximately one month prior to the submission of the affidavit. Finally, he asserts the affidavit contained incorrect information from the informant. Hager points out that the affidavit relates that the informant had told the affiant that Hager was a convicted murderer and drug dealer when, in fact, Hager had not been convicted of murder or drug dealing. Hager believes these combined deficiencies render the warrant fatally defective.

The search warrant was obtained upon the affidavit of Oklahoma Bureau of Narcotics Agent Kathryn Mays. The affidavit contains information provided by a "reliable" confidential informant which impli-

cates Hager in cocaine trafficking. The informant supplied a number of details concerning Hager's drug operation. The affidavit also contains material concerning the efforts of law enforcement officers to corroborate the information provided by the confidential informant. Investigation by several law enforcement agencies did corroborate many of the details supplied by the informant. The affidavit does indicate that the informant stated that Hager was a "convicted murderer and drug dealer from Florida." The affidavit makes no mention of any recent criminal activities by the informant.

In reviewing the validity of a search warrant, we must determine whether, under the totality of the circumstances presented in the affidavit, the judicial officer had a substantial basis for finding a fair probability that contraband or other evidence of a crime would be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The judicial officer's initial determination of probable cause to issue a warrant must be afforded great deference on appeal. *United States v. Bishop*, 890 F.2d 212, 214–15 (10th Cir. 1989), *cert. denied*, 493 U.S. 1092, 110 S.Ct. 1164, 107 L.Ed.2d 1067 (1990).

Based upon *Gates*, we find that the issuing judicial officer had sufficient information to justify a finding of probable cause. The informant provided a number of details concerning the defendant and his activities. The informant's reliability was demonstrated by the accuracy of many of these details which were independently corroborated by law enforcement authorities. "[T]he totality of the circumstances analysis necessarily places importance on corroborating the details of an informant's tip by independent police work." *United States v. Martinez*, 764 F.2d 744, 746 (10th Cir. 1985). In sum, the totality of the information contained in the affidavit provided a substantial basis for finding there was a fair probability that evidence of criminal activity would be found at the apartment.

We also find that the other matters noted by the defendant do not render the affidavit defective. Concerning the omission of the informant's involvement in criminal activity, the district judge, in denying defendant's motion to suppress, stated that this omission "does not rise to the level ... which would affect a magistrate's conclusion regarding the issuance of this warrant." We agree. Concerning the misinformation about Hager's criminal history, the district judge determined that there was sufficient probable cause to support the issuance of the search warrant even if the court deleted the word "convicted" from the warrant. Again, we agree. In sum, we find no error in the district court's determination that the search warrant was supported by probable cause. The district court properly denied the suppression motions.

## II.

Hager next contends that the evidence supporting his convictions for Counts I and III was insufficient. He argues that the evidence was insufficient to connect him with the cocaine that was found in the apartment. He also contends that the evidence failed to demonstrate that he *ever* used or carried the pistol found in the boot in the living room of the apartment, much less during and in relation to a drug trafficking crime.

The standard for reviewing the sufficiency of evidence on criminal convictions is whether "[t]he evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—is sufficient if, when taken in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Hooks*, 780 F.2d 1526, 1531 (10th Cir.), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986). The evidence supporting conviction must be substantial, raising more than a mere suspicion of guilt. *United States v. Brandon*, 847 F.2d 625, 630 (10th Cir.), *cert. denied*, 488 U.S. 973, 109 S.Ct. 510, 102 L.Ed.2d 545 (1988).

## A.

In order to convict a defendant of possession of cocaine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1), the government must prove the following essential elements beyond a reasonable doubt: (1) the defendant knowingly possessed cocaine, a controlled substance; and (2) the defendant possessed the cocaine with the specific intent to distribute it. *See United States v. Gay*, 774 F.2d 368, 372 (10th Cir.1985). Possession of narcotics, of course, may be either actual or constructive. Generally, a person has constructive possession of narcotics if he knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found. *United States v. Parrish*, 925 F.2d 1293, 1296 (10th Cir.1991). Constructive possession may be established by circumstantial evidence, but the government must show a sufficient nexus between the defendant and the narcotics. *Id.*

The evidence showed that Hager exercised dominion and control over the apartment where the cocaine was discovered. Hager had been given a key to the apartment by his sister, who had rented the apartment. The notebook discovered in the automobile and the evidence found at the apartment, particularly the fingerprints located on the jars containing cocaine, demonstrate a sufficient nexus between the defendant, the apartment and the narcotics. The amount of the cocaine, its purity, and the presence of firearms provide sufficient evidence that the drugs were possessed with the intent to distribute. *Parrish*, 925 F.2d at 1297 (large quantity of cocaine sufficient to support conviction that defendant intended to distribute it); *Brandon*, 847 F.2d at 630 (high purity of cocaine supports inference of intent to distribute); *United States v. Bruce*, 939 F.2d 1053, 1056 (D.C.Cir.1991) (presence of firearm is probative evidence that drugs possessed with intent to distribute).

Hager has argued that there is insufficient evidence to conclude that the cocaine did not belong to another person with access to the apartment. He points to the testimony of William Nichols who stated that he had been given a key to the apartment by Hager and that the drugs and guns found in the apartment belonged to him.

The jury in this case had the discretion to accept or reject whatever evidence it chose. The credibility of a witness and weight of his testimony are for the trier of fact alone. *United States v. Leach*, 749 F.2d 592, 600 (10th Cir.1984). The jury chose to disbelieve Nichols' testimony. While a reasonable jury could have found Hager not guilty based on Nichols' testimony, we do not believe that it was unreasonable for the jury to reject this evidence in light of the remainder of the evidence. We recognize that the evidence in this case supporting the defendant's conviction is circumstantial. Nonetheless, the circumstantial evidence required to support a verdict need not conclusively exclude every reasonable hypothesis except guilt. *United States v. Alonso*, 790 F.2d 1489, 1493 (10th Cir.1986). "The evidence must only reasonably support the jury's finding of guilt beyond a reasonable doubt." *Parrish*, 925 F.2d at 1297. We find sufficient evidence for a reasonable jury to determine beyond a reasonable doubt that Hager possessed the cocaine with the intent to distribute it.

## B.

In order to sustain a conviction under 18 U.S.C. § 924(c)(1), the government must show that the defendant "used" or "carried" a firearm, and did so "during and in relation to" a drug trafficking crime. We shall focus our inquiry on whether the defendant "used" a firearm in violation of § 924(c) since no one contends that Hager "carried" the firearm. *See United States v. Matthews*, 942 F.2d 779, 783 n. 3 (10th Cir.1991).

"Use" under § 924(c) has been interpreted broadly by the courts, including the Tenth Circuit. In defining "use," the courts have concluded that there is no requirement that (1) the defendant brandish, display or discharge the firearm, *e.g., United States v. Meggett*, 875 F.2d 24, 29 (2d

Cir.), *cert. denied,* 493 U.S. 858, 110 S.Ct. 166, 107 L.Ed.2d 123 (1989); (2) the defendant have actual possession of either the firearm or the drugs, *e.g., United States v. Matra,* 841 F.2d 837, 842 (8th Cir.1988); (3) the firearm be loaded, *e.g., United States v. Martinez,* 912 F.2d 419, 420–21 (10th Cir.1990); (4) a drug transaction have occurred at the place where the drugs are found, *e.g., United States v. Hadfield,* 918 F.2d 987, 997 (1st Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2062, 114 L.Ed.2d 466 (1991); or (5) the sole purpose of the firearm was to protect the drug operation, *e.g., United States v. Payero,* 888 F.2d 928, 929 (1st Cir.1989). While each of these circumstances may have some evidentiary significance, they do not have controlling effect. The Tenth Circuit, in accordance with most of the other circuits, has concluded that "use" under § 924(c) is established when the defendant has ready access to the firearm and the firearm was an integral part of his criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed. *United States v. McKinnell,* 888 F.2d 669, 674–75 (10th Cir.1989). "The 'ready access' element requires evidence the firearm was available to the defendant in the vicinity where the drug trafficking offense took place." *Parrish,* 925 F.2d at 1297.

■ In applying the aforementioned standards to the present facts, we find the evidence clearly supports the defendant's conviction under § 924(c). The evidence revealed a large amount of cocaine in an apartment with several guns in close proximity to that cocaine. As noted in the prior discussion concerning the sufficiency of evidence on Count 1, there was substantial evidence that connected Hager to the apartment. The combination of these circumstances provides sufficient evidence that Hager used the firearm in relation to a drug trafficking offense. The jury reasonably could have inferred from all the evidence that Hager kept the firearm in the boot in the living room in order to protect himself and his cocaine. The observations of the First Circuit in *Hadfield* are applicable here:

It is reasonable, we think, if an operable firearm is found in close proximity to a room or rooms in which drug distribution, processing, or storage occurs, for the factfinder to conclude that the defendant knew the gun was there and intended it to be available for use in connection with the predicate offense. Indeed, so long as one purpose in situating the weapon nearby was to protect the narcotics enterprise, that need not have been defendant's sole purpose. In sum, even if a firearm is not instantly available or exclusively dedicated to the narcotics trade, a sufficient nexus may exist to support a finding that it was "used" during and in relation to a drug trafficking crime.

918 F.2d at 998 (citation omitted).

### III.

■ In Count 2 of the indictment, Hager was charged with possession of three firearms by a felon. The indictment charged that on or about February 13, 1991, the defendant, having previously been convicted of a felony, did knowingly possess "a firearm, that is, a Smith and Wesson .38 caliber pistol; ... an H & R Model 929, .22 caliber revolver; ... and an Ithaca Featherweight, 12-gauge shotgun...." Hager contends that this count is duplicitous because it charges two offenses: (1) possession of the .38 caliber pistol seized from the automobile; and (2) possession of the other firearms seized from the apartment. This contention is related to his argument that the court incorrectly instructed the jury as to the elements of Count 2, but we shall consider the argument separately.

■ Duplicity occurs when two or more separate offenses are joined in the same count. *United States v. Haddock,* 956 F.2d 1534, 1546 (10th Cir.1992). The problem created is that a jury may convict a defendant without unanimously agreeing on the defendant's guilt of the same offense. *Id.*

Even assuming that Count 2 of the indictment is duplicitous, Hager has waived

this objection. A challenge to an indictment based on duplicity must be raised prior to trial. Fed.R.Crim.P. 12(b)(2); *United States v. Henry,* 504 F.2d 1335, 1338 (10th Cir.1974), *cert. denied,* 421 U.S. 932, 95 S.Ct. 1660, 44 L.Ed.2d 90 (1975). An appellate court considers a waived claim only if cause is shown that might justify the granting of relief from the waiver. Fed.R.Crim.P. 12(f); *United States v. Simone,* 931 F.2d 1186, 1192 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 584, 116 L.Ed.2d 609 (1991). The record shows that Hager did not challenge the duplicitous nature of the indictment until he made a motion for judgment of acquittal at the conclusion of the government's case. Raising the objection at the close of the government's case is too late. *United States v. Gordon,* 844 F.2d 1397, 1400 (9th Cir.1988); *United States v. Elam,* 678 F.2d 1234, 1251 (5th Cir.1982). Hager has not provided the court with any cause to justify relief from the waiver. Accordingly, we find that Hager has waived any challenge to Count 2 based on duplicity.

## IV.

■ Hager has also argued that the trial court incorrectly instructed the jury on the essential elements of Count 2. In the proposed instructions, the trial court set forth the essential elements of Count 2 as follows: "First, that Robert Hager was convicted of an offense punishable by imprisonment for more than one year; Second, that after conviction, Robert Hager knowingly possessed a firearm; Third, that the firearm was possessed in or affecting commerce." Hager objected to the proposed instruction and requested that the court instruct the jury that they must find that he "possessed three firearms" to conform to the conjunctive allegations of the indictment. Hager argued that where the government has chosen to charge him with possession of three firearms, it must prove possession of three firearms, and anything less required a "not guilty" verdict. The government contended in response that "and" as used in the indictment meant "and/or," and that the court's proposed instruction properly instructed the jury in

the disjunctive. The trial court agreed with the government's position and instructed the jury in accordance with the proposed instruction.

We find no merit to Hager's argument. The decision of the district court to instruct the jury in the disjunctive, even though the indictment was worded in the conjunctive, was entirely proper. *United States v. Daily,* 921 F.2d 994, 1001 (10th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 405, 116 L.Ed.2d 354 (1991); *United States v. Johnson,* 767 F.2d 673, 674 (10th Cir.1985). *See also United States v. Cusumano,* 943 F.2d 305, 311 (3d Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 881, 116 L.Ed.2d 785 (1992); *United States v. DePuew,* 889 F.2d 791, 793 (8th Cir.1989).

■ There is also some suggestion on appeal by Hager that the trial court's instructions concerning Count 2 violated his right to a unanimous jury verdict under Art. III, § 2 and the Sixth Amendment of the United States Constitution. Hager vaguely asserts that the district court should have given a specific unanimity instruction on Count 2. He argues that the instructions failed to specify to the jury that it must reach a unanimous verdict as to one of the firearms described in Count 2. This argument was not specifically raised before the district court, so we shall consider it under the plain error standard. *United States v. Bedonie,* 913 F.2d 782, 791 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2895, 115 L.Ed.2d 1059 (1991). "Plain error is 'fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done.'" *United States v. Henning,* 906 F.2d 1392, 1397 (10th Cir.1990) (quoting *United States v. Coppola,* 486 F.2d 882, 884 (10th Cir.1973), *cert. denied,* 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974)) (emphasis in original), *cert. denied,* —— U.S. ——, 111 S.Ct. 789, 112 L.Ed.2d 852 (1991).

As to the requirement for unanimity in the verdict, the district court instructed the jury as follows: "The verdict of the jury in this case must be unanimous, which means that each juror must agree and concur in the verdict." We do not find that the dis-

trict court's use of a general unanimity instruction in this case constituted plain error. In the Tenth Circuit, "[i]t is assumed that a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict." *United States v. McClure*, 734 F.2d 484, 494 (10th Cir.1984). This circuit has further determined that "[i]n the absence of an appropriate unanimity instruction tendered by the defendant, we will not reverse the convictions on the ground of faulty instruction." *United States v. Phillips*, 869 F.2d 1361, 1367 (10th Cir.1988) (quoting *United States v. Williams*, 737 F.2d 594, 614 (7th Cir.1984), *cert. denied*, 470 U.S. 1003, 105 S.Ct. 1354, 84 L.Ed.2d 377 (1985)), *cert. denied*, 490 U.S. 1069, 109 S.Ct. 2074, 104 L.Ed.2d 638 (1989). *See also Bedonie*, 913 F.2d at 792.

Under the circumstances of this case, we shall assume that the jury unanimously reached a decision on a particular firearm or all of the firearms. This case is not so complex that there was a genuine possibility of juror confusion. Moreover, we note that Hager's failure to propose a proper unanimity instruction precludes reversal on this claim.

In sum, the judgment of the district court is AFFIRMED.