21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Michael CODY, Defendant-Appellant.
 No. 93-1154.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER, District Judge.[2]
 
 
 2
 Edward Michael Cody entered a conditional plea of guilty to possession with intent to distribute methamphetamine within 1000 feet of a public school in violation of 21 U.S.C. 841(a)(1) and 860. On appeal, Mr. Cody challenges the denial of his motion to suppress evidence seized at his auto repair business. He contends the affidavit underlying the search warrant lacked probable cause because it did not demonstrate the reliability of the two principal informants nor mention their criminal histories. Because the affidavit contained sufficient facts to establish probable cause, we affirm the denial of the suppression motion.
 
 
 3
 Kyle W. Bowen, a special agent for the Drug Enforcement Administration, submitted an affidavit prepared by an Eagle County, Colorado deputy sheriff to obtain warrants to search Mr. Cody's home, his business (Valley Auto), and three storage units. The affidavit contained information supplied by several individuals including two men with extensive criminal records, Kevin Thompson and "a cooperating individual working for the Eagle County Sheriff's Office," later identified as James Willingham. Police seized several items during the search of Valley Auto including a quantity of methamphetamine. Mr. Cody filed motions to suppress evidence found during the searches of his home and his business.[3] The district court held a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 155-56 (1978), to determine the veracity of statements contained in the affidavit. After striking certain portions of the affidavit which the district court determined were false or made with reckless regard for the truth, the district court suppressed the evidence found in the search of Mr. Cody's home but not the evidence found at the auto repair shop. Mr. Cody subsequently entered a conditional plea of guilty and filed this appeal.
 
 
 4
 Mr. Cody makes two arguments: the redacted affidavit as it stands does not establish probable cause to search Valley Auto, and probable cause definitely would not exist if the district court had edited the affidavit as thoroughly as it should have. Defendant's claims center on his contention Mr. Thompson's and Mr. Willingham's statements are not reliable. Specifically, defendant contends the affidavit provides no indication of either man's reliability. Defendant alleges Mr. Thompson and Mr. Willingham supplied false information about Mr. Cody to secure personal advantages from the police: Mr. Thompson obtained reduced penalties for criminal charges pending against him, and Mr. Willingham received payment for being an informant. Defendant also insinuates Mr. Willingham stole or consumed a portion of the methamphetamine he purchased during two staged drug buys prior to turning the remaining drugs over to the police. Defendant argues the affidavit, by design, improperly omitted Mr. Thompson's and Mr. Willingham's criminal records,[4] which, if included, would alter an assessment of their credibility. Furthermore, the affidavit allegedly excluded certain facts which made information appear as if it were derived from personal knowledge when in fact it was not. According to defendant, these omissions were material to the question of probable cause.
 
 
 5
 In reviewing a denial of a motion to suppress, we will accept the district court's factual findings unless they are clearly erroneous and consider the evidence in the light most favorable to the district court's finding. United States v. Little, No. 92-2155, 1994 WL88834, at * 3 (10th Cir. Mar.22, 1994) (en banc). However, we will review de novo the ultimate question of reasonableness under the Fourth Amendment. Id. If a defendant proves by a preponderance of the evidence that an affiant made a false statement in a warrant affidavit knowingly and intentionally or with reckless disregard for the truth, the search warrant is void if the remaining portions of the affidavit do not supply probable cause. Franks v. Delaware, 438 U.S. at 155-56. To knowingly or recklessly omit from an affidavit information that would vitiate probable cause also violates the Fourth Amendment. United States v. Knapp, 1 F.3d 1026, 1029 (10th Cir.1993) (citing Stewart v. Donges, 915 F.2d 572, 582-83 (10th Cir.1990)).
 
 
 6
 The totality of the circumstances test controls whether probable cause exists to issue a search warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983). Pursuant to this analysis, a magistrate must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity' and basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. Conclusory statements cannot support a finding of probable cause. Id. at 239. A reviewing court must decide whether a substantial basis supports the magistrate's finding of probable cause. Id. at 238-39 (citation omitted).
 
 
 7
 The affidavit redacted by the district court discloses: 1) Mr. Thompson purchased methamphetamine from Mr. Cody in April 1990, and officers surveilling Mr. Thompson saw him park in front of Mr. Cody's home; 2) in June 1992, the cooperating individual learned from Christopher Emmel, a partner with Mr. Cody in the auto repair business, that Mr. Cody organized methamphetamine shipments to Eagle County from California and Nevada and recently returned from Las Vegas with ten pounds of methamphetamine; 3) the cooperating individual purchased methamphetamine from Mr. Emmel at Valley Auto and a second location in July 1992; 4) in November 1991, an anonymous phone caller, who had formerly been in business with Mr. Cody for four years, said Mr. Cody mainly bought methamphetamine in San Diego and transported it to Colorado in a red Chevrolet van; 5) in September 1992, Mr. Cody told the cooperating individual he bought his methamphetamine supply in California because of the good price available there; 6) that same month, Mr. Thompson identified a person who served as a middleman for Mr. Cody's methamphetamine operation and stated Mr. Cody hid drugs at Valley Auto, in vehicles garaged there, and in rented storage units where Mr. Cody also kept stolen items customers used to purchase drugs;[5] 7) on the same day Mr. Thompson informed police about the presence of drugs in the storage units, a dog detected the scent of narcotics there; 8) in September 1992, the principal of the local high school reported students were obtaining "crank" from the auto repair business next to a video arcade; 9) the cooperating individual stated Mr. Cody received a methamphetamine shipment in mid-September; 10) in October 1992, elementary school students in a drug education class reported drug activity occurred at the local video arcade, and their teacher said she had also seen "unusual activity" there; 11) also in October 1992, an anonymous caller, a former "crank" customer of Mr. Cody's, said students were spreading the word at the high school that Mr. Cody was selling "crank"; 12) that same month, Mr. Thompson stated he knew Mr. Cody for approximately three years during which time Mr. Cody maintained a monthly five-to-ten-pound supply of methamphetamine; 13) Mr. Thompson also said he saw Mr. Cody package and hide methamphetamine at the garage.
 
 
 8
 The revised affidavit supplies probable cause to suspect Valley Auto harbored evidence of a crime. As suggested, the document does not describe the reliability of Mr. Thompson and Mr. Willingham. However, much of the information attributed to each of these men is corroborated in the affidavit by information from others: Mr. Cody's drug dealing, the availability of methamphetamine at Valley Auto, the original source of the methamphetamine, and the presence of drugs at the storage units. The information supplied by Mr. Thompson, Mr. Willingham, the anonymous callers, and the high school principal specifically links methamphetamine dealing to Valley Auto and Mr. Cody. Looking at the totality of the redacted affidavit, the district court properly found probable cause to search Valley Auto.
 
 
 9
 No further revisions of the affidavit are warranted. The inclusion in the affidavit of the extensive criminal records of Mr. Thompson and Mr. Willingham or the benefits they received for supplying information would not have cast doubt on the reliability of their corroborated statements nor vitiated a finding of probable cause. See United States v. Hager, 969 F.2d 883, 887 (10th Cir.) (omission from affidavit of informant's involvement in criminal activity would not affect magistrate's decision to issue warrant), cert. denied, 113 S.Ct. 437 (1992). Finally, defendant has portrayed the facts of other claimed omissions and false statements in a more favorable light than the evidence presented at the Franks hearing suggests.[6] We, therefore, cannot say the district court erred in rejecting defendant's allegations of other material omissions or falsehoods.
 
 
 10
 Because the affidavit established probable cause, the district court properly denied defendant's motion to suppress the evidence found at Valley Auto. The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Clarence A. Brimmer, United States District Court Judge for the District of Wyoming, sitting by designation
 
 
 [3]
 The police did not recover any incriminating items from their search of the storage units
 
 
 [4]
 The affidavit mentions a plea arrangement pursuant to which Mr. Thompson pled guilty to one drug offense in return for the dismissal of another drug charge. Defendant argues this does not adequately explain the terms of the plea agreement or the extent of Mr. Thompson's criminal record which together weaken Mr. Thompson's credibility
 
 
 [5]
 The district court struck section 11(a) of the affidavit which identified a specific individual who had recently transported methamphetamine from California in Mr. Cody's van. It is unclear whether the court struck the introductory paragraph of section 11 which also mentions Mr. Cody's recent receipt of methamphetamine. At the Franks hearing, Mr. Thompson testified he told an Eagle County deputy sheriff he had heard this information from a third person who said he learned this first hand. At the time Mr. Thompson spoke with the deputy sheriff, he provided a written statement, and police made a tape recording of the conversation. Neither the written statement nor the tape recording has been made available to us. Therefore, we cannot determine whether any decision not to excise the introductory paragraph would be clearly erroneous
 
 
 [6]
 For example, the district court, during the hearing, remarked no testimony supported the contention Mr. Willingham took a portion of the methamphetamine obtained during the controlled buys or that he stopped working as an informant for the agencies who had used his services under questionable circumstances