The UNITED STATES of
America, Plaintiff,

v.

Edith F. WACKER, Defendant.

No. 92–40042–02–SAC.

United States District Court,
D. Kansas.

Sept. 1, 1995.

James P. Moran, Office of Federal Public Defender, Denver, CO, for defendant Edith Wacker aka Edie Wacker.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

This case comes before the court on a motion (Dk. 608), pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, by the defendant, Edith Wacker ("Wacker"), for the return of property seized by the government. (Dk. 608). The defendant, with others, including members of her immediate family, was indicted for her role in an ongoing drug operation. Each of Wacker's codefendants who proceeded to trial was convicted of conspiracy to possess with intent to distribute, as well as other related offenses including use of a firearm during and in relation to a drug trafficking crime. Wacker entered guilty pleas to two counts, the charge of conspiracy to possess with the intent to distribute marijuana, and the charge of unlawful possession of a firearm during and in relation to a drug trafficking crime. For this, Wacker was sentenced to 97 months on the conspiracy count, 60 months on the unlawful possession of a firearm count, to be served consecutively, and four years supervised release. Wacker has appealed the sentence imposed. See (Dk. 526).

The property that the defendant seeks to have returned is a .22 caliber Ruger pistol ("pistol"). In her motion, Wacker makes two allegations: 1) that the pistol seized by the government is not "intrinsic" to the crime charged, and 2) because the search warrant did not list the pistol among the items authorized for seizure, it was not legally seized. She asks that the pistol be sent to her mother, Esther M. Wacker, so that it may be sold, the profits of the sale enuring to her benefit. The government's response alleges that the pistol was validly seized during a consensual search of the defendant's bedroom. The pistol was near other evidence found in the bedroom used to establish the conspiracy count. The government also states that as all the defendants in this case have appealed their convictions, the pistol must be retained as evidence in the event that new trials are required. Furthermore, the government contends that because the defendant is a convicted felon, and barred by law from possessing a firearm, her motion is legally frivolous.

The rule that the defendant uses to bring her motion states:

"A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information if filed, it shall be treated also as a motion to suppress under Rule 12."

Fed.R.Crim.P. 41(e).

While Wacker alleges that the seizure of the pistol was illegal, her motion to challenge the validity of the search comes after her indictment, in fact, after her conviction. Rule 41(e) requires that such a motion be treated "also" as a motion to suppress under Rule 12. However, under Rule 12, a motion to suppress must be made before trial. Fed. R.Crim.P. 12(b)(3). Failure to do so results in a waiver of a motion to suppress. Fed. R.Crim.P. 12(f). At least one court has dismissed a Rule 41(e) motion as untimely. *U.S. v. Petrino*, No. S2 92 Cr. 374 (JFK), 1995 WL 25923, 1995 U.S.Dist. LEXIS 735 (S.D.N.Y. Jan. 23, 1995); *Gomez–Arboleda v. U.S.*, 93 Civ. 4757, 89 Cr. 644 (JFK), 1993 WL 512838, 1993 U.S.Dist. LEXIS 17382 (S.D.N.Y. Dec. 8, 1993). In both cases, a

Rule 41(e) motion was brought after a plea of guilty. Assuming this analysis is correct,[1] Wacker has waived her opportunity to seek return of the property by failing to bring this motion prior to the entry of her guilty plea, and is therefore properly dismissed for untimeliness.

■ Even if her motion were deemed timely, Wacker encounters several fatal snags precluding her recovery of the firearm. Wacker states that the pistol was.not "intrinsic to the crime" for which she was convicted. Wacker plead guilty to two counts of the indictment. Even if the pistol was not used as evidence for proving the existence of a conspiracy to possess with intent to distribute marijuana,[2] it established an essential element in the second charge, use of a firearm during and in relation to a drug trafficking crime. The pistol named in that charge was a Ruger .22 caliber revolver, serial no. 6625745. This is the exact pistol that Wacker seeks to reclaim in this motion. Looking at both counts, it is apparent that the pistol is intrinsic to at least one of the crimes charged in the indictment.

The government correctly points to the propriety and necessity of retaining the property. The pistol was admitted into evidence at Wacker's codefendant's trial. Wacker pleaded guilty to a count based on the pistol. Wacker has appealed her conviction and the sentence imposed. Several of the defendants in the original action were found guilty of the firearm count based upon this evidence. The government correctly notes that all of the defendants have appealed their convictions. If new trials result, this evidence will be needed as it was in the original trial(s). The government may seize and retain property if it can show a "specific nexus" between the property and a continuing criminal investigation. *Interstate Cigar Co. v. United States,*

928 F.2d 221 (7th Cir.1991). In other words, the government can keep seized property until all the proceedings are finished. The pistol is a part of criminal cases currently on appeal. The government is therefore entitled to possession until such time as the case is over. See *id.*

■ Wacker challenges the legality of the seizure of the pistol on the grounds that the warrant used to search her property was very class specific. She argues that because the pistol was not listed in the search warrant, it was seized illegally. Seizure of firearms not listed on a search warrant but in close proximity to "tools of the drug trade" is a legal and valid seizure. *U.S. v. $149,442.43,* 965 F.2d 868, 875 (10th Cir.1992). This is so because firearms are also considered to be "tools" of the drug trade. *Id.* at 876. The pistol in question was found in Wacker's bedroom close to records pertaining to the marijuana operation. Furthermore, firearms used to facilitate a controlled substance offense may be seized "incident" to a search under a warrant. 21 U.S.C. § 881(a)(1), (11), (b)(1).

■ Even if the pistol was seized illegally, and further that the pending appeals were decided, there is another reason for not returning the pistol: Wacker is a convicted felon. Convicted felons are prohibited from possession of firearms. 18 U.S.C. § 922(g)(1). Wacker attempts to sidestep this problem by appointing an agent to receive the pistol. This agent, upon receipt of the weapon, is then supposed to sell the pistol. In the event that the pistol has been pressed into service by the government, Wacker agrees to accept the retail cash value of the firearm. (Dk. 608, 2).[3] Wacker avoids asking for actual possession, but possession

---

1. At the time Rule 41(e) was adopted, a party could only seek return of illegally seized property. (Notes of Advisory Committee on Rules, 1972 amendment.) However, the current version of Rule 41(e) allows a person to request return of property both legally and illegally seized. The provision of the rule setting the time to file a Rule 41(e) motion at the time that a motion to suppress must be filed under Rule 12(b), however, was not amended. (Notes of Advisory Committee on Rules, 1989 amendment.)

2. In the trial of Wacker's codefendants, there was testimony suggesting that Edith Wacker used the weapon to protect the marijuana operation.

3. The court does not decide the issue of whether Wacker is entitled to the *value* of the pistol after the conclusion of all related criminal cases. Unless the government instigates a forfeiture proceeding, the government has not articulated any reason that Wacker should not be entitled to the value of the firearm at the conclusion of all the related criminal cases.

can be either actual or constructive. *United States v. Mills*, 29 F.3d 545, 549 (10th Cir. 1994.) (citing *United States v. Cardenas*, 864 F.2d 1528, 1533 (10th Cir.), *cert. denied*, 491 U.S. 909, 109 S.Ct. 3197, 105 L.Ed.2d 705 (1989). Constructive possession exists if a person knowingly exercises ownership, dominion, and control of the object, or the place it is found. *United States v. Hager*, 969 F.2d 883, 888 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 437, 121 L.Ed.2d 357 (1992). As a convicted felon, Wacker is not allowed to physically possess or control the possession of a firearm.

In her reply brief, Wacker appears to challenge the validity of her criminal conviction. A Rule 41(e) motion is not the proper means to challenge her federal conviction. The court refers the defendant to 28 U.S.C. § 2255.

In summary, Wacker's motion, at least to the extent she seeks to challenge the validity of the search, is untimely. Even if her motion was considered timely, it would be denied on the merits at this time. The pistol is intrinsic to at least one of the crimes to which she entered a plea of guilty. Until the final appeal in this and the related cases is resolved, the government has a valid reason for retaining the pistol as evidence. The list of items to be seized on the search warrant was not so exclusive or particular as to render the seizure of the pistol illegal. Seizure of the pistol is also allowed under federal statute pursuant to a search under warrant. Finally, Wacker is a convicted felon as contemplated by 18 U.S.C. § 922(g)(1), thus precluding her possession of a handgun, either actually or constructively. For these reasons, the motion by the defendant for return of property is denied.

IT IS THEREFORE ORDERED that the defendant Wacker's motion for return of property (Dk. 608) is denied.