69 F.3d 549
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert L. HAGER, Defendant-Appellant.
 No. 95-6240.
D.C. No. CR-91-50-C.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This case arises out of the July 1991 conviction of Robert Lee Hager ("Hager") for possession of cocaine with the intent to distribute, possession of a firearm after conviction of a felony, and use of a firearm during and in relation to a drug trafficking offense. On February 13, 1989, Hager was stopped by the Oklahoma Highway Patrol on the authority of a federal parole violator's warrant. During the stop, the Oklahoma trooper noticed a .38 caliber pistol on the driver's side of the front seat. The gun was seized, the car was subsequently searched, and a search warrant was obtained for an apartment associated with Hager. The search of the apartment produced cocaine and firearms.
 
 
 3
 Hager's conviction was affirmed on appeal. United States v. Hager, 969 F.2d 883, 891 (10th Cir.), cert. denied, 113 S.Ct. 437 (1992). On March 10, 1995, Hager filed a motion in the United States District Court for the Western District of Oklahoma pursuant to Fed.R.Crim.P. 41(e) ("Rule 41(e)") for the return of personal property he alleged had been taken by law enforcement officers after his arrest, during the search of his automobile. This motion was denied on June 22, 1995, and Hager filed a motion to reconsider. In his motion to reconsider, Hager argued that the seizure of his property was illegal and that the district court failed to adequately account for all of his property in denying his motion. This motion to reconsider was also denied, and Hager now appeals.
 
 
 4
 On appeal Hager argues, as he did before the district court,
 
 
 5
 that the following items were illegally seized and should be
 
 
 6
 returned to him: (1) a 1986 Buick LaSabre; (2) a 1984
 
 
 7
 Honda motorcycle with matching two wheel trailer; (3)
 
 
 8
 United States currency in the amount of $1,000; (4)
 
 
 9
 Guatamalan currency valued at $5,500; (5) one pair of
 
 
 10
 Porche Carrera glasses; (6) one gold Dunhill lighter; (7)
 
 
 11
 one gold ring with old coin, diamonds and garnets; (8) one
 
 
 12
 man's five carat diamond solitaire ring; (9) a Heavy gold
 
 
 13
 chain; (10) a Seko diver's watch; (11) a gold Rolex watch;
 
 
 14
 (12) two pagers; (13) one set of hearing aids; (14) an
 
 
 15
 ostrich purse; and (15) a billfold and its contents. Hager
 
 
 16
 contends these items were illegally seized because his
 
 
 17
 arrest was based on an improper federal parole violator's
 
 
 18
 warrant. He further argues that the district court abused
 
 
 19
 its discretion in denying his Rule 41(e) motion because the
 
 
 20
 district court's decision was based on erroneous findings
 
 
 21
 with respect to what happened to certain items of his
 
 
 22
 property. After review of the record, we conclude that the
 
 
 23
 district court's factual findings were not clearly erroneous
 
 
 24
 and that the district court did not abuse its discretion in
 
 
 25
 denying Hager's Rule 41(e) motion for return of his property.
 
 Rule 41(e) provides in part:
 
 26
 A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion.
 
 
 27
 A district court's decision to grant jurisdiction over a Rule 41(e) motion is governed by equitable principles. Floyd v. United States, 860 F.2d 999, 1003 (10th Cir.1988). We review the district court's exercise of its equitable jurisdiction for an abuse of discretion. Purrington v. University of Utah, 996 F.2d 1025, 1030 (10th Cir.1993).
 
 
 28
 Rule 41(e), by its terms, requires a showing of an illegal seizure. See Floyd, 860 F.2d at 1003. In this case, however, we need not reach whether the seizure of Hager's property was illegal for Rule 41(e) purposes because the district court properly determined that the items Hager requested were either ordered forfeited, released to Hager's attorney, were not owned by Hager or were never seized by the Oklahoma Bureau of Narcotics (OBN). Thus, Rule 41(e) cannot aid Hager in recovering his property.
 
 
 29
 The district court concluded that the Buick LaSabre and the Honda Motorcycle with matching two wheel trailer were ordered forfeited. See R.O.A. Doc. 110, Response to Defendant's Motion for Return of Property, Gov. Exhibit # 1, Order of Forfeiture. The district court also determined that all of Hager's personal property that was seized was released to Hager's attorney, John Bouley ("Bouley"), on October 28, 1994. See R.O.A. Doc. 110, Gov. Exhibit # 2, Interoffice Memorandum. A receipt signed by Bouley on October 28, 1994, reflects that he received two of the items Hager is now requesting, the gold chain and the Rolex watch. See R.O.A. Doc. 110, Receipt of Property or Cash.
 
 
 30
 Finally, the district court determined that the remaining items requested by Hager were never seized by the OBN. The district court relied on a signed affidavit from Cindy Cunningham ("Cunningham"), an agent with the OBN, which indicated that Cunningham had reviewed the search warrants issued on Hager's apartment, mini storage, and Buick LaSabre and concluded that the other items were never seized. See R.O.A. Doc. 110, Gov. Exhibit # 3, Affidavit of Cunningham.[2] Hager argues that the district court erred in determining that the $1,000 and the eye glasses were never seized. He relies on an OBN report dated February 27, 1991, wherein the reporting agent indicated that when Hager was arrested, a billfold containing $765 in U.S. currency, a pair of eye glasses, and assorted papers was seized. This report, however, was contradicted by Cunningham's affidavit, upon which the district court relied. "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." United States v. Little, 60 F.3d 708, 713 (10th Cir.1995) (citations omitted). This is true even where the district court's findings are not based on credibility determinations, but are based on physical or documentary evidence, as is the case here. Id. (citations ommitted).
 
 CONCLUSION
 
 31
 Hager is not entitled to the property which was ordered forfeited, and the district court properly found that the other items were either not owned by Hager, were released to Hager's attorney, or were never seized by the OBN. The government cannot be forced to return property it does not have. Thus, we conclude that the district court did not abuse its discretion in denying Hager's motion pursuant to Rule 41(e), and AFFIRM the district court's order. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Cunningham also stated that OBN had seized one pager from Hager's vehicle. Hager had leased it from Page Plus of Oklahoma City. OBN agents returned it to Page Plus