**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

ROBERT L. HAGER,

   Defendant-Appellant,

No. 97-6096
(D.C. No. 96-CV-1176)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner Robert L. Hager, a federal inmate appearing pro se, requests a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion. We deny the certificate and dismiss the appeal.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On July 9, 1991, Hager was convicted of (1) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g); and (3) using or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He was sentenced to 165 months' imprisonment on Count 1 and 120 months' imprisonment on Count 2, to be served concurrently. In addition, Hager was sentenced to 60 months' imprisonment on Count 3, to be served consecutively with his concurrent sentences. His convictions were affirmed in United States v. Hager, 969 F.2d 883 (10th Cir. 1992).

On July 22, 1996, Hager filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court vacated his sentence for using or carrying a firearm in relation to a drug trafficking crime based on Bailey v. United States, 116 S. Ct. 501 (1995), and resentenced him to 188 months' imprisonment for the two remaining convictions. The court subsequently issued an order denying a certificate of appealability.

This court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. 2253(c)(2). Hager argues his constitutional rights were violated by ineffective assistance of counsel at trial because his counsel did not challenge the validity of his arrest warrant. To prove he received ineffective assistance of counsel, Hager must show

his counsel was deficient and that such deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 686 (1984).

Hager argues his counsel was deficient in failing to challenge the validity of his arrest warrant based on the fact that it did not comply with 18 U.S.C. § 3606.[1]  However, § 3606 did not apply to Hager's arrest for violation of his parole.  Although § 3606 repealed § 4213 effective November 1, 1987, for offenses committed after that date, § 4213 continues to govern parole violations for offenses committed before November 1, 1987.  Pub. L. 101-650, Title III, § 316, Dec. 1, 1990, 104 Stat. 5115.[2]  Hager was serving an aggregate twelve-year sentence when he was released on parole on April 30, 1985.  On October 7, 1985, Hager's parole officer asked the Parole Commission to issue a parole violator's warrant because Hager had failed to submit his September 1985 report, failed to report a change in residence, failed to report a change in employment, and failed to report as directed on September 23, 1985.  A parole violator's warrant issued on October 22, 1985.  The procedures set forth in 18 U.S.C. § 4213 applied on the date of issuance of the parole violator's warrant and the government complied with § 4213 in arresting Hager.  Therefore, contrary to Hager's assertions, the law applicable to the issuance of his parole violator's warrant did not require that a

---

[1]  Hager challenges his arrest in an attempt to suppress evidence obtained through searches subsequent to the arrest.

[2]  Section 4213 will govern these offenses until November 1, 1997.

-3-

magistrate judge issue the warrant. Any challenge by counsel in this regard would have been meritless. Hager has not shown that his counsel was deficient.

The certificate of appealability is DENIED and the appeal is DISMISSED. The government's motion to dismiss is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge