**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

AARON PAUL POINTER,

    Defendant - Appellant.

No. 02-2055
D.C. No. CR-01-589 JC
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

On August 8, 2001, a jury convicted Appellant Aaron Paul Pointer of

possession with intent to distribute crack cocaine, powder cocaine, and marijuana

in violation of 21 U.S.C. § 841; of aiding and abetting these crimes in violation of

18 U.S.C. § 2; and of conspiracy to commit these crimes in violation of 21 U.S.C.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

§ 846.[1]  Following these convictions, he was sentenced to 120 months in prison and four years of supervised release.  Appellant now challenges the sufficiency of the evidence to support his convictions.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.  We also REMAND this case to the district court for the correction of the clerical error in Appellant's judgment and sentence.

## I.    BACKGROUND

The evidence at Appellant's trial showed as follows.  On January 29, 2001, Appellant and June Lynette Oliver flew from Chicago to Phoenix.  (ROA III at 82.)  Appellant's one-way ticket for this flight was purchased by Rakita Pointer, who is the wife of Appellant's cousin, Terrence Pointer.  (Id. at 82-83.)  Rakita also rented a car for Appellant, whom she identified in the rental agreement as her spouse.  (Id.)

---

[1]A clerical error in Appellant's judgment and sentence reflects that he pled guilty to these charges, as opposed to having been convicted by a jury.  (Doc. 88.) Volumes III and IV of the record on appeal, however, are the transcripts from Appellant's jury trial and demonstrate that he was convicted by the jury.  (ROA IV at 162-66.)  Furthermore, both parties proceed on the fact that Appellant was convicted by a jury.  (Aplt. Br. at 1; Aple. Br. at 2.)  Because the briefs indicate the parties' agreement that the judgment and sentence contains a clerical error, we will remand this case to the district court to correct it pursuant to Federal Rule of Criminal Procedure 36.  United States v. Pino, 827 F.2d 1429, 1433 (10th Cir. 1987).

On February 2, 2001, the rental car rapidly approached a Border Patrol checkpoint north of Las Cruces, New Mexico. (Id. at 24.) Rita Selinger was driving the car; Appellant sat in the front seat; and June Oliver sat in the back seat. (Id. at 25.) Border Patrol Agent Fernando Contreras questioned all three occupants of the car about their citizenship. (Id.) Instead of answering Contreras's question, Selinger looked to Appellant to answer the question. (Id. at 26.) Agent Contreras asked Selinger again whether she was a United States citizen, and eventually the Appellant answered, "Yeah." (Id. at 28.) Noticing a bar code and chalk mark on the windshield, Agent Contreras then asked if the car was rented. (Id. at 28-29.) Selinger again turned to Appellant, who said, "Yes." (Id. at 29.) Upon further questioning, Appellant stated that the car was rented in his sister's name and gave Agent Contreras the rental agreement. The agreement, however, indicated that the car was rented by Appellant's spouse, not his sister. (Id. at 30-34.)

Appellant then gave Agent Contreras permission to conduct a canine inspection of the car. (Id. at 34.) After the three occupants exited the car, Contreras' drug dog alerted to the trunk of the car and then to a black duffel bag in the trunk. (Id. at 36-37.) The bag held two cellophane-wrapped packages containing 9.6 kilograms of marijuana, a baggie with 18.9 grams of crack cocaine, and a baggie with 13.3 grams of powder cocaine. (Id. at 38, 52.) The bag also

contained men's clothing and a AA battery that corresponded in size to the battery in Appellant's pager.  (Id. at 57, 92.)  Another bag in the trunk of the car had airport baggage tags which matched the airline ticket later found on Appellant.  (Id. at 80-81.)

Selinger, Oliver, and Appellant were then placed under arrest.  Selinger and Oliver became extremely violent and abusive, while Appellant remained "real calm" and cooperated with the Border Patrol agents.  (Id. at 42.)   Appellant stated to one agent that the only reason he was in the car was that he had lost his airline ticket and wallet and was trying to get home.  (Id. at 80.)

The three defendants were then searched.  Agent Contreras recovered marijuana from the two female occupants of the car.  Rita Selinger had a makeup bag containing marijuana, and June Oliver had a baggie of marijuana in her jacket sleeve.  (Id. at 39.)  No drugs were found on Appellant, but he did have a pager, a wallet and the airline ticket from his trip from Chicago to Phoenix.  (Id. at 39, 67.)  Selinger was carrying $515 in cash, and Appellant had $60.  (Id. at 91.)  A loaded handgun was found in the pouch behind the front passenger seat.  (Id. at 40-41, 65.)

Appellant was then taken to a detention center.  While there, he made several phone calls, two to an unidentified female in Illinois and one to his cousin, Terrence Pointer.  (Id. at 84.)  In the call to Terrence Pointer, Appellant

appears to first speak to Rakita Pointer and states, "We fucked up, Kee (phonetic). . . . I said we fucked up in the game." (Tr. at 8.) The transcript then reflects the following conversation between Appellant and Terrence Pointer (ROA III at 85):

> MR. POINTER: Okay. Man, and they go like, "You know how much weed's in the car?" I'm like, "Man, I don't nothing [sic] about no weed, Jimmy."
> MALE VOICE: Oh, was weed in the car?
> MR. POINTER: That's what he said.
> So my man goes like, "Weed in the car?" I go like, "Man, we ain't got no weed in the car, other than what we're smoking." Now, you know what I'm saying; if they found that out, tough.
> MALE VOICE: Hum.
> MR. POINTER: I mean, I don't know what that other shit is, we rented this car.
> You know what I'm saying?
> MALE VOICE: Hum.
> MR. POINTER: But we in Las Cruces, "G."
> MALE VOICE: All right, for sure.
> MR. POINTER: So you cancel your flight, or what?
> MALE VOICE: I didn't hear you.
> MR. POINTER: Well, you ain't got no choice but to.
> MALE VOICE: Yeah, it's off.
> MR. POINTER: Okay.

(Tr. at 10-11.)

On May 16, 2001, Appellant, Oliver, and Selinger were charged as co-defendants with conspiring to and possessing with intent to distribute crack cocaine, cocaine powder, and marijuana. (Doc. 23.) Appellant was also charged with being a felon with three or more prior convictions in possession of a firearm. (Id.) Selinger pled guilty to all charges against her, and the Government

dismissed the charges against Oliver.  (Aplt. Br. at 2-3.)  Appellant proceeded to

trial alone and was convicted on the drug and conspiracy charges.  (ROA IV at

162-64.)  After the jury was unable to reach a verdict on Appellant's firearm

charge, the court granted his motion for a judgment of acquittal on that charge.

(Id. at 167.)

## II.    SUFFICIENCY OF THE EVIDENCE

Appellant challenges the sufficiency of the evidence to support his drug and

conspiracy convictions.[2]  We review challenges to the sufficiency of the evidence

de novo, drawing all reasonable inferences in favor of the government.  United

States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997).  If a reasonable jury could

find the defendant guilty beyond a reasonable doubt, we will affirm the

conviction.  Id.

To convict Appellant for possession of drugs with intent to distribute, the

jury must find that the Appellant 1) possessed a controlled substance; 2) knew he

---

[2]"As a general rule, an appellate court will not review the record to
determine whether the evidence is sufficient to sustain a guilty verdict unless the
defendant moved for a judgment of acquittal."  United States v. Lopez, 576 F.2d
840, 842 (10th Cir. 1978).  Therefore, because Pointer moved for a judgment of
acquittal only on the firearm charge (ROA IV at 102-04, 167), we should review
his drug and conspiracy convictions only for plain error.  In this case, however,
we will review de novo for sufficiency of the evidence because the government
did not raise on appeal Appellant's failure to move for a judgment of acquittal on
these charges.

possessed a controlled substance; and 3) intended to distribute the controlled substance.  Id.  To convict Appellant for conspiracy to possess drugs with intent to distribute, the government must additionally prove "an agreement to violate the law, knowledge of the objectives of that agreement, knowing and voluntary participation in it, and interdependency between the conspirators."  United States v. Wood, 57 F.3d 913, 918 (10th Cir.1995).  The only issue Appellant contests is whether the evidence supported a finding that he had knowing possession of the drugs.  (Aplt. Br. at 10.)  We find the evidence is sufficient to support this finding.

Possession of a controlled substance may be either actual or constructive. "Constructive possession occurs when a person 'knowingly has ownership, dominion or control over the narcotics and the premises where the narcotics are found.'"  Wilson, 107 F.3d at 779 (quoting United States v. Hager, 969 F.2d 883, 888 (10th Cir. 1992)).

In this case, a substantial amount of narcotics was found in a rental car that had been rented for the Appellant.  When the drugs were discovered, Appellant was the only person in the car whose name appeared on the rental agreement. Furthermore, the narcotics were found in a bag in the trunk containing men's clothing, and Appellant was the only man in the car.  The bag also contained a AA battery, consistent with the size battery used in Appellant's pager.  The other

bags in the trunk contained airline tags that matched the airline ticket found on Appellant. From these facts, a reasonable jury could infer that Appellant had knowledge of and control over the drugs in the car.

The conduct of all of the defendants at the arrest also raises an inference that Appellant knew that drugs were in the car. When initially questioned by the Border Patrol agent, Selinger refused to answer any questions and deferred to Appellant. In response to the agent's questions regarding who rented the car, Appellant lied and said his sister rented the car. Appellant also lied in explaining to the agents that the only reason he was in the car was because he had lost his wallet and airline ticket and needed to get back to Chicago. Appellant's wallet was found on his person, and his airline ticket was only for a one-way flight. From these misrepresentations, a jury could infer that Appellant was attempting to conceal illegal behavior. Finally, Appellant's recorded phone conversations contain several statements that indicate that a plan made among several persons had failed. These conversations also support a finding that Appellant knew about the drugs in the trunk. Assessing the totality of the evidence, we conclude that a reasonable jury could find that Appellant had knowing possession of the drugs.

Because the evidence sufficiently supports Appellant's convictions, we AFFIRM the convictions and REMAND to the district court to correct Appellant's judgment and sentence.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge